**Chicago Telephone Company, Appellee, v. Charles J. Wolf, Individually, etc., and Village of Melrose Park, Appellants.**

### Gen. No. 17,219.

1. Costs—*settlement with third party*. Where complainant in a bill makes an adjustment with a third person not a party, he is liable for costs on dismissal on his own motion.

2. Costs—*when defendant liable*. Where defendant by his own act renders prosecution of bill needless, he is liable for costs on dismissal by complainant.

Appeal from the Circuit Court of Cook county; the Hon. John Gibbons, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed March 24, 1913.

Felix J. Griffen, for appellants; Alonzo M. Griffen, of counsel.

Holt, Wheeler & Sidley, for appellee.

Mr. Presiding Justice Smith delivered the opinion of the court.

The appellee filed a bill in the Circuit Court averring in substance that it was a corporation authorized to erect, maintain and operate lines, wires and cables in Cook county and elsewhere for the purpose of furnishing telephonic communication and service; that under and by virtue of certain ordinances, describing same, of the Village of Melrose Park, it was then and there operating telephone lines, etc., describing its said business in said village somewhat in detail; that any interruption thereof would cause appellee great loss, etc.; that one Charles Wunnecke was consulting with the appellee in regard to arrangements whereby certain of appellee's wires would be raised to permit the said Wunnecke to move a house thereunder, and while so consulting with the appellee the appellants notified the appellee to remove certain of its said wires so that said Wunnecke might move his house through same, and that if appellee did not so move said wires within twenty-four hours after the receipt of said notice, the appellant would cut the said wires; that said appellants would so cut the said wires unless restrained therefrom, and prayed that the said appellants be enjoined "from breaking, molesting, interrupting, damaging or in any way interfering with any of said complainant's lines or wires in the Village of Melrose Park." An injunction was issued without notice, in accordance with the prayer of the bill. The appellants appeared and filed a general demurrer and made a motion to dissolve the injunction for want of equity,

appearing on the face of the bill. The chancellor overruled the demurrer and denied the motion to dissolve and the appellants elected to stand by their said demurrer and motion. Thereafter the appellee suggested, by way of a supplemental bill, that since the issuance of the said temporary injunction all matters relating to the removal of said house had been adjusted to the satisfaction of the appellee and the said Wunnecke, and that there was then no controversy in reference thereto, and moved the court to dismiss said bill at the costs of the appellants. The said motion was allowed and from the order dismissing the said bill of appellants' costs this appeal is prosecuted.

There is no question that the appellee had a right to have the bill dismissed on its motion. The only question is in relation to the costs. That the bill was properly dismissed at the appellants' costs the appellee relies on Cicero Lumber Co. v. Town of Cicero, 176 Ill. 9. It is claimed by the appellee that the bill presented facts that entitled it to the relief at the time, and therefore the appellants should pay the costs. Had the appellants been parties to the settlement or by any act of their own rendered further prosecution of the said suit needless, as in Cicero Lumber Co. v. Town of Cicero, supra, no doubt said authority would be controlling, assuming that the bill stated a good cause of action in equity. Should the rule there announced be extended to a case where an adjustment of the controversy in litigation is made with a party other than a party to the litigation, as in the case at bar? We are of the opinion that an extension of the rule making it applicable to the case at bar on the facts here shown would be unwise and inequitable.

The decree of the Circuit Court is reversed and the cause remanded to that court with directions to dismiss the bill at the cost of the appellee, the complainant below.

*Reversed and remanded.*