LOWELL J. MYERS, Plaintiff-Appellee and Cross-Appellant, v. RICHARD M. DALEY, State's Attorney of Cook County, Defendant-Appellant and Cross-Appellee.

First District (4th Division)   No. 86—0321

Opinion filed December 3, 1987.—Modified on denial of rehearing
March 17, 1988.

Richard M. Daley, State's Attorney, of Chicago (Henry A. Hauser, Susan Condon, and Daniel Cannon, Assistant State's Attorneys, of counsel), for appellant.

Lowell J. Myers, of Chicago, appellee *pro se.*

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Lowell J. Myers (Myers) filed a complaint requesting that the court order the State's Attorney of Cook County (State's Attorney) to advise Myers of the status of the State's Attorney's investigation into an incident in which Myers alleged he was the victim of a violent crime. The complaint was made pursuant to the Bill of Rights for Victims and Witnesses of Violent Crime Act (Victim's Rights Act) (Ill. Rev. Stat. 1985, ch. 38, par. 1401 *et seq.*), which mandates that upon request by the victim of a violent crime, the State's Attorney must inform the victim of the status of the State's Attorney's investigation of the case. Ill. Rev. Stat. 1985, ch. 38, par. 1404(1).

After Myers' complaint was filed, the State's Attorney informed him of the investigation's status. The trial court dismissed the complaint and ordered the State's Attorney to pay Myers' court costs. The State's Attorney appeals and Myers cross-appeals. We affirm.

BACKGROUND

In May 1984, Myers sent a letter by registered mail to the State's Attorney in which he claimed that a certain individual had taken an item of his property and threatened to hit him. After receiving no response from the State's Attorney to this letter or two subsequent letters, Myers sent a final letter requesting information on the status of the investigation of his complaint in May 1985, specifically invoking the Victim's Rights Act. When he failed to receive a response to this final letter, he filed this action in July 1985.

Subsequently, the State's Attorney informed Myers that the State's Attorney's office had declined to initiate a criminal prosecution with respect to Myers' claimed theft. The State's Attorney also requested that Myers voluntarily dismiss his action. Myers responded that he would agree to voluntarily dismiss the action if the State's Attorney would pay the court costs. The State's Attorney filed a motion to dismiss the complaint while Myers filed a motion requesting a dismissal and an award of court costs.

The trial court dismissed the complaint and entered judgment against the State's Attorney in the amount of $92.32 for court costs. The State's Attorney appeals from the order insofar as it granted court costs to Myers. Myers cross-appeals from that portion of the order which assessed costs against Richard M. Daley, not individually, but as State's Attorney of Cook County.

OPINION

■■ Generally a plaintiff may not recover costs upon the dismissal of his action. However, where proof of the facts stated in his complaint would entitle him to the relief requested, and the defendant's actions subsequent to the filing of the complaint render such proof and relief unnecessary, the trial court may award plaintiff court costs. See *Cicero Lumber Co. v. Town of Cicero* (1898), 176 Ill. 9, 33, 51 N.E. 758; *Chicago Telephone Co. v. Wolf* (1913), 178 Ill. App. 289, 291; *Booth v. Gaither* (1895), 58 Ill. App. 263, 265; see also *Salvador v. Popaa* (1974), 56 Ha. 111, 114, 530 P.2d 7, 10; *Newport News Firefighters Association Local 794, International Association of Firefighters v. City of Newport News* (E.D. Va. 1972), 339 F. Supp. 13, 17-18; *Rosenthal v. Shepard Broadcasting Service, Inc.* (1938), 299 Mass. 286, 291, 12 N.E.2d 819, 822; 20 C.J.S. *Costs* §68(a) (1940).

■ Here, proof of the facts alleged in Myers' complaint would have entitled him to the relief he requested. Myers' complaint alleged that he was the victim of a violent crime which he had reported to the State's Attorney. (See Ill. Rev. Stat. 1985, ch. 38, pars. 1403(a)(4), (c).)

Therefore, upon Myers' request the State's Attorney had a legal duty to inform Myers of the status of his case. (See Ill. Rev. Stat. 1985, ch. 38, par. 1404(1).) Myers made repeated requests to be informed of the status of the investigation, but received no reply. Instead, the State's Attorney advised Myers of the status of his case only after Myers had filed suit against the State's Attorney pursuant to the Victim's Rights Act. Under these circumstances, the trial court properly exercised its discretion when it awarded to Myers the costs of suit. Indeed, the purpose of the Act would be frustrated if a victim were forced to file suit to learn the status of his case and were also burdened with the costs of that suit.

■■ In his cross-appeal, Myers asserts that the court incorrectly levied costs against Richard M. Daley as State's Attorney of Cook County rather than Richard M. Daley personally. However, Myers raised no objection when the trial court added to Myers' draft order that costs were to be levied against Richard M. Daley, "not individually, but as State's Attorney of Cook County." Argument not raised in the trial court is deemed waived and may not be presented for the first time on appeal. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872; *Harbor Insurance Co. v. Arthur Andersen & Co.* (1986), 149 Ill. App. 3d 235, 240, 500 N.E.2d 707.) As a result, we need not and do not address Myers' claim on appeal that costs were not properly levied against the State's Attorney in his official capacity. We note, however, that because Richard M. Daley as State's Attorney of Cook County appeared and consented to the trial court's jurisdiction, the court acted with personal jurisdiction over him. See generally *In re Robertson* (1986), 151 Ill. App. 3d 214, 221, 502 N.E.2d 1279; *National Equipment Rental, Ltd. v. Polyphasic. Health Systems, Inc.* (1986), 141 Ill. App. 3d 343, 347, 490 N.E.2d 42.

For the above reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.