## Tanbro Fabrics Corporation, Appellant, v. Morton Hymen, Appellee.

### Gen. No. 45,038.

Heard in the first division of this court for the first district at the February term, 1950. Opinion filed June 19, 1950. Rehearing denied June 30, 1950. Released for publication September 7, 1950.

SCHWARTZ & COOPER, of Chicago, for appellant; MARVIN S. BERZ, of Chicago, of counsel.

NORMAN H. ARONS, of Chicago, for appellee.

MR. JUSTICE FEINBERG delivered the opinion of the court.

This action was brought in the circuit court upon a judgment rendered in the Supreme Court of New York in favor of plaintiff and against defendant. Defendant filed an answer alleging lack of jurisdiction of the New York court; that there was no service of process; that defendant did not reside in New York and had never submitted to the jurisdiction of New York, and was and is a resident of Illinois. The reply to the answer alleged that a contract to arbitrate had been entered into between the parties, agreeing to submit to arbitration according to the laws of New York and according to the rules and regulations of the National Federation of Textiles, Inc.; that the matter in dispute under the contract was submitted to arbitration, and award was made by the arbitrators, and in the action brought in the Supreme Court of New York a rule to show cause was entered and served by registered mail on defendant; that the rules of the association provided that all notices with respect to the arbitration and its enforcement may be mailed by registered mail. Defendant filed a motion for summary judgment, supported by affidavits setting up substantially the matters contained in the answer. Plaintiff countered by motion for summary judgment, setting up substantially the same facts contained in the reply to the answer. The trial court entered judgment on defendant's motion for summary judgment and denied plaintiff's motion for summary judgment, from which order this appeal is taken.

The controlling question presented is whether the court of New York had jurisdiction over defendant.

It appears that plaintiff and defendant entered into a contract of sale for certain materials, which contract contained the following:

"Any controversy arising under or in relation to this contract, or any modification thereof, shall be settled by arbitration. Unless the parties agree in writing

upon some other method of arbitration within ten days after demand for arbitration by either party, then such arbitration shall be held in the City of New York in accordance with the laws of the State of New York and the arbitration rules then obtaining of The National Federation of Textiles, Inc.''

A dispute subsequently having arisen between the parties, plaintiff requested arbitration in accordance with the provision in the contract. Notice of the demand for arbitration was given defendant by registered mail, conformably with the rules and regulations of the National Federation of Textiles. Arbitrators selected made an award of $2,280. The award having been obtained, application for judgment to the Supreme Court of New York was made and judgment entered upon the award for $2,370, notice of such application having been given to defendant and ample time allowed to appear and object. Defendant made no appearance in the hearing before the arbitrators nor in the proceeding in the Supreme Court of New York.

Rule 25 of the National Federation of Textiles provided:

''Any party to an agreement for arbitration pursuant to these Rules consents that any papers, notices or process necessary or proper for the enforcement of the arbitration agreement and proceedings and for entry of judgment on any award, including appeals in connection therewith, may be served upon such party by registered mail or by personal service within or without the State of New York or the United States of America, providing a reasonable time is allowed such party thereby to appear and defend.''

Rule 28 provided:

''All arbitration proceedings under these Rules shall be governed by the Arbitration Law of the State of New York, except as otherwise provided in the written

contract, signed submission, or court order. If any provision of these Rules shall be finally adjudicated to be invalid, the remaining provisions shall nevertheless remain in force.''

Article 84 of the Civil Practice Act of New York, as amended in 1944, gave the Supreme Court of New York the power to enter judgment upon such an award, and particularly section 1450, which provides:

''The making of a contract or submission for arbitration described in section fourteen hundred forty-eight hereof, providing for arbitration in this state, shall be deemed a consent of the parties thereto to the jurisdiction of the supreme court of this state to enforce such contract or submission.''

 Having entered into a contract which provided for arbitration according to the rules of the association, and to be governed by the laws of New York, and having agreed to the form of notice and substituted service, as provided in the rules of the association and the arbitration code of New York, we are bound to hold that the court of New York had jurisdiction of this defendant to enter the judgment in question. *Mulcahy v. Whitehill,* 48 F. Supp. 917; *Ripley Fabrics Corp. v. Morton Hymen* [same defendant], decided February 14, 1950, by the District Court of the United States for the Northern District of Illinois in case No. 49 C 1380. Any other holding would deny to plaintiff the benefit of the ''full faith and credit'' clause of the United States Constitution. *Kenney v. Loyal Order of Moose,* 252 U. S. 411. Accordingly, the trial court erred in entering summary judgment for defendant and should have entered a summary judgment for plaintiff.

The order of the circuit court is reversed and judgment entered here for plaintiff for $2,370 with interest at the rate of five per cent per annum from July 9, 1948.

*Reversed and judgment here.*

TUOHY, P. J., and NIEMEYER, J., concur.