LOIS NELL WILSON CHATHAM, Plaintiff-Appellant, *v.* EDWIN LEE CHATHAM, JR., Defendant.—(THE SAVINGS AND PROFIT SHARING FUND OF SEARS EMPLOYEES, Citation Defendant-Appellee.)

First District (5th Division)   No. 77-160

Opinion filed November 4, 1977.

Edward J. Barrett, of Chicago, for appellant.

Arnstein, Gluck, Weitzenfeld & Minow, of Chicago (Peter D. Kasdin, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from the dismissal of plaintiff's petition for the delivery of certain assets in defendant's account with the citation-defendant (the Fund).

Plaintiff and defendant, both residents of Texas, were divorced in 1974, with the decree awarding plaintiff certain community property, including 200 shares of Sears stock and $4,903.84 in general investment credits from defendant's profit sharing account with the Fund.

It appears that the Fund was created in 1916 and since that time has consisted of securities purchased by Sears Roebuck and Co. (Sears), its subsidiaries and their participating employees. Defendant, an employee of Sears, entered the Fund in 1957 and, in a written application, agreed to be bound by its rules and regulations, the pertinent provisions of which are that ownership of the securities remains with the Fund; that a participating employee retains only a pro-rata equitable interest; and that in order to withdraw assets the employee must submit an application to do so, in which event his membership terminates with no right of re-entry.

The Fund's trustees and assets are located in Illinois. In an effort to reach defendant's interest in the Fund and to obtain the stock and investment credits awarded in the Texas decree, plaintiff, pursuant to the Uniform Enforcement of Foreign Judgments Act (the Uniform Act) (Ill. Rev. Stat. 1975, ch. 77, par. 88 *et seq.*) registered the Texas divorce decree

as an Illinois judgment. She then instituted supplemental proceedings under section 73 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 73) by serving the Fund's trustees with a citation to discover assets. When they answered that defendant's account contained $4,860.65 in general investment credits and 281.818 shares of Sears stock, plaintiff petitioned for an order requiring the delivery of the shares of stock and investment credits awarded her in the divorce decree.

Although defendant was served by publication of the petition to register the Texas decree, he was not given notice of the citation to discover assets or of the petition for the entry of a turnover order and did not appear at these proceedings. The trustees of the fund, however, moved to dismiss the petition and, after a hearing, an order was entered which (1) sustained the motion to dismiss; and (2) dismissed "the cause" with prejudice. This appeal is from that order.

Opinion

Plaintiff agrees that because the trial court had no *in personam* jurisdiction, it could not enter an order requiring defendant to submit the application required by the rules and regulations of the Fund for the withdrawal of the assets in question. She contends, however, that under the provisions of the Uniform Act she obtained a judgment *quasi in rem* in Illinois when she registered the Texas decree here and served defendant by publication. Such a judgment, she argues, gave the court jurisdiction over any property of defendant in this State and that the Fund should have been ordered to deliver the stock and investment credits awarded to her.

The significant provisions of the Uniform Act are: Section 3, that a foreign judgment is registered when a petition for its registration is filed together with an authenticated copy of the judgment; section 4, that after registration, the petitioner may have a summons issued and served upon the judgment debtor; section 5, that service on the judgment creditor may be had by publication when jurisdiction over the person cannot be obtained; section 6, that a levy may be made before jurisdiction over the person has been secured or final judgment obtained; section 7, that after personal service, if no action is taken within 30 days by the judgment debtor, the registered judgment becomes final; and section 12, that if the judgment debtor fails to act to set aside the registration or to assert a setoff or counterclaim within 30 days of the return date fixed in the publication notice, "the registered judgment shall be a final judgment *quasi in rem* of the court in which it is registered, binding upon the judgment debtor's interest in property levied upon * * *."

■■ In the instant case, the Texas decree was registered and service

was had on defendant by publication with no action by him during the 30 days after the return date. Thus, under section 12, the registered decree became a final judgment *quasi in rem* in Illinois. We disagree, however, with plaintiff as to its legal effect, as section 12 also provides that such a judgment would be binding on defendant's interest "in property levied upon."

■■ The significance of this quoted phrase is apparently a question of first impression. We note, however, the well established rule that in the absence of a contrary statutory definition, a word used in a statute is to have its popularly understood meaning. (*Department of Public Works & Buildings v. Wishnevsky* (1972), 51 Ill. 2d 550, 283 N.E.2d 872.) It appears to us that the legislature by its use of the past tense of the word "levy" in section 12, after using the present tense of the word in other sections of the Uniform Act, intended that the final judgment *quasi in rem* provided for in section 12 would be binding on property only after it had been levied upon. We are supported in this belief by the statement concerning the Uniform Act in *Light v. Light* (1958), 12 Ill. 2d 502, 505-06, 147 N.E.2d 34, 37, where it was stated:

> "The Uniform Act * * * is intended to make it easier to enforce judgments across State lines. To that end it establishes a procedure for registering the foreign judgment in an appropriate court in this State (sec. 2), and authorizes the levy of execution at once upon a judgment so registered. (Sec. 6.) Sale under the levy is postponed, however, until the judgment debtor has an opportunity, after service of process, to assert whatever defenses he may have to the enforcement of the judgment. (Secs. 4, 5, 8, 13.) Upon default, or if the asserted defenses are not sustained, the registered judgment becomes a final judgment of the court in which it is registered. The judgment so rendered is binding either personally or *quasi in rem*, depending on the kind of service had upon the defendant. (Secs. 7, 12.)"

Thus, it is clear that the Uniform Act is an enforcement statute which authorizes a levy of execution on property as soon as the foreign judgment is registered and before jurisdiction is obtained over the judgment debtor to prevent him from removing the assets before the foreign judgment becomes final in the forum State. Where jurisdiction over the debtor is obtained by personal service, the registered judgment becomes a final judgment under section 7 and apparently the collection of such a judgment may be undertaken in the same manner as a judgment obtained in the forum. However, where service on the debtor is obtained by publication, section 12 provides that the registered judgment becomes a final judgment *quasi in rem*, which is binding only on property of the debtor which has been levied upon.

In the instant case, there was no levy[1] on the assets in question, and we conclude that the trial court properly sustained the Fund's motion to dismiss. Having so concluded, it will not be necessary that we consider certain related questions raised; namely, whether the interest of defendant in the Fund is exempt from proceedings under section 73; whether the "spendthrift" provision of the Fund protects the assets in question from creditors; or whether, in fact, plaintiff has the status of a judgment creditor, as the term is used in section 73, in view of her contention that she became the owner of the assets in question by virtue of the Texas decree.

In another contention on appeal which we will consider, defendant points to the trial court's order, which not only sustained the motion to dismiss but also provides that "the cause is hereby dismissed with prejudice." She asks that the order be reversed insofar as the quoted phrase indicates a dismissal of anything more than the section 73 proceedings.

Plaintiff's petition under section 73 asked for an order requiring the Fund to deliver the 200 shares of Sears stock and the sum of $4,903.84, both of which had been awarded her in the Texas decree. The Fund's motion to dismiss sought only a dismissal of the section 73 petition and, on oral argument here, the Fund agreed that it did not seek a dismissal of anything else and, particularly, did not seek a dismissal of the registration of judgment proceedings.

From our review of the record and the court's order, we are of the opinion that the phrase in the order that "the cause is hereby dismissed with prejudice" was a dismissal only of the section 73 proceedings and not of those which registered the judgment. In view thereof, a reversal of that portion of the order is inappropriate.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.

---

[1] "Levy," as defined in section 1, "means to take control of or create a lien upon property under any judicial writ or process whereby satisfaction of a judgment may be enforced against such property."