In re MARRIAGE OF PATSY G. DEWHURST, Petitioner-Appellee, and JAMES V. DEWHURST, Respondent-Appellant.

Fourth District   No. 4—83—0047

Opinion filed July 18, 1983.

Costello, Long, Young & Metnick, of Springfield, for appellant.

Theodore J. Harvatin, of Gramlich & Morse, of Springfield, for appellee.

JUSTICE MILLS delivered the opinion of the court:

Foreign judgment.

Suit #1: James filed for marriage dissolution in California, an interlocutory judgment was issued, and it became final six months later in 1973. James moved from California to Illinois, then back to California, and again back to Illinois.

Suit #2: September 1977, Patsy attempted to modify the California judgment but was unsuccessful because the California court ruled it had no jurisdiction.

Suit #3: October 1978, Patsy filed an independent action in California to modify the dissolution judgment. A judgment by default was entered on February 2, 1978, awarding Patsy a percentage of James' military retirement benefits.

Suit #4: November 1978, Patsy filed a complaint for judgment in Sangamon County, Illinois, and a petition to register the foreign judgment. James filed an answer and an amended answer. On November 9, 1979, Judge Londrigan entered an order registering the California default judgment for $16,006.40 and entered a judgment order for the same amount. On October 20, 1982 (35 months and 11 days later!), James filed a motion to vacate judgment, declare judgment void, and expunge judgment from the record. He alleged that (1) the California default judgment was void because no personal jurisdiction had been obtained over him, and (2) the California court did not have subject matter jurisdiction over his military retirement benefits because that subject matter had been preempted by Federal law.

Judge Cadagin denied the motion to vacate.

James appeals.

We affirm.

James waived his opportunity to challenge the validity of the California default judgment. His answer here merely denied the allegations of the complaint for judgment to be entered in Illinois and set forth an affirmative defense based on fraud. A motion to strike the affirmative defense was allowed and James was granted 28 days to file an amended pleading. This he did, in the form of a first amended answer. This document, also, was in the form of a general denial of the allegations of the complaint. Five months later the case was heard on the complaint and amended answer and Judge Londrigan—on November 9, 1979—ordered that the California judgment be duly regis-

tered and "further ordered that judgment is entered against defendant for the sum of sixteen thousand six dollars and forty cents (figures) and costs of suit."

Section 12—607 of the Code of Civil Procedure, dealing with "Foreign Judgments" (Ill. Rev. Stat. 1981, ch. 110, par. 12—607, formerly Ill. Rev. Stat. 1979, ch. 77, par. 94), provides as follows:

> "New personal judgment. If after personal service of process upon him or her within this State the judgment debtor fails to plead within the time specified in the summons served upon him or her, or in any event within 30 days after jurisdiction of the person of the judgment debtor has been obtained, or if the court after hearing has refused to set aside the registration, the registered judgment shall become a final judgment of the court in which it is registered, binding personally upon the defendant."

Clearly, after the hearing on the complaint, petition, and amended answer, the Illinois court had entered a new personal judgment in the State of Illinois. And it was a final and appealable order.

In *Employers' Liability Assurance Corp. v. Coronet Insurance Co.* (1969), 106 Ill. App. 2d 24, 35, 245 N.E.2d 629, 634, our brothers of the Third District said:

> "The judgment in the cause before us was registered by the filing of the petition. Following a hearing, the court entered a new personal judgment in accordance with the prayer of the petition, having found that there was no reason to set aside the registered judgment. The judgment, therefore, became final and appealable. The complaint prayed for a new Illinois judgment based upon the judgment of Louisiana. Such right of action exists under the laws of the State of Illinois."

We are in total agreement with this articulation.

Furthermore, section 2—1401 of the Code provides that relief from a judgment after 30 days from entry must be filed not later than two years from said entry.

The Illinois judgment was a new, personal one against James. It was a final and appealable one which he did not seek to have reviewed. He may not now—three years later—be heard to raise matters in defense which could and should have been raised prior to the entry of the Illinois judgment.

Affirmed.

TRAPP and GREEN, JJ., concur.