NATIONAL EQUIPMENT RENTAL, LTD., Plaintiff-Appellant, v. POLY-PHASIC HEALTH SYSTEMS, INC., *et al.*, Defendants-Appellees.

First District (5th Division)    No. 84—2538

Opinion filed February 14, 1986.

Pedersen & Houpt, of Chicago (Arthur Sternberg, of counsel), for appellant.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, Patrick F. Klunder, and C. Barry Montgomery, of counsel), for appellees.

JUSTICE LORENZ delivered the opinion of the court:

This is an appeal from an order dismissing plaintiff's action to register a judgment rendered against defendants by a New York court. Plaintiff filed a petition in the circuit court of Cook County to enforce a default judgment obtained against defendants, Robert D. Phillips, Patricia Phillips, E. J. Shanahan, and Jean Shanahan, in the Supreme Court of the State of New York. Defendants resisted plaintiff's efforts to make the foreign judgment final on the grounds that the New York court lacked personal jurisdiction over the parties and that both a prior injunction and section 12—108 of the Illinois Code of Civil Procedure barred the registered judgment against defendants from becoming final. Upon plaintiff's motion to reconsider the entry of a summary judgment in favor of the defendants, the trial court concluded that the prior injunction entered in a chancery proceeding and the seven-year statutory limitation period barred further action on the New York court judgment.

For the reasons stated herein, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

This multiple-defendant action insofar as it relates to the defendants Phillips and Shanahans is grounded upon a guarantee of payment executed by them separately in plaintiff's favor. Said guarantee reads in relevant part as follows:

> "This instrument shall be deemed to have been made in Nassau County, New York, and should be interpreted in accordance with the laws of the State of New York, and as part of the consideration for the Lessor's execution of the aforementioned Lease, the undersigned Guarantor hereby agrees that any and all actions or proceedings arising directly or indirectly from this Guarantee shall be litigated in courts having a situs within the State of New York, and the undersigned Guarantor hereby consents to the jurisdiction of any local, State or Federal Court located within the State of New York, and the undersigned Guarantor hereby waives personal service of any and all process, and consents that all such service of process may be made by certified or registered mail, return receipt requested, directed to the undersigned Guarantor at the address indicated below; and service so made shall be complete two (2) days after the same has been posted as aforesaid."

Upon defendant lessee's (Polyphasic Health Systems, Inc.) default on its payment under a written lease, plaintiff, National Equipment Rental, Ltd., commenced an action against the Phillips and Shana-

hans, among others, in the Supreme Court of the State of New York. On September 30, 1975, the plaintiff received a default judgment against the aforesaid defendants for $346,744.

On January 8, 1976, plaintiff filed a petition to have the New York court judgment registered in the circuit court of Cook County, Illinois. Defendants, Phillips and Shanahans, neither admitting nor denying that the Supreme Court of the State of New York had entered judgment against them, filed an answer alleging that said court lacked jurisdiction over the subject matter and the parties.

Thereafter, defendants Heusinkvelds, who had signed guarantees of payment limited to $50,000, brought a separate chancery action against plaintiff to enjoin the latter from registering and enforcing the New York judgment against them. The temporary restraining order, which ultimately resulted in a permanent injunction, read in pertinent part as follows:

"[National Equipment Rental is restrained from] registering and enforcing a certain foreign judgment of the Supreme Court of the State of New York, County of Nassau in Case No. 11627-75, in whole or in part, against the plaintiffs herein, and from taking any action whatsoever in the prosecution of or prosecution of a certain lawsuit now pending in the law division of the Circuit Court of this Court in Cause No. 767 L 318 captioned NATIONAL EQUIPMENT RENTAL, LTD., Plaintiff v. POLYPHASIC HEALTH SYSTEMS, INC. (etc., et al.) entitled 'Petition for Registration of Foreign Judgment.' "

Subsequent to filing the petition to register its foreign judgment, plaintiff moved for summary judgment on the petition to make the registered judgment final for enforcement. Plaintiff's motion was supported by an affidavit attesting that service of process had been made in the method specified by the "guarantee" document. Defendants Phillips and Shanahans in their response to the motion did not contest this fact, but later moved to dismiss the proceeding based on section 12–108 of the Code of Civil Procedure and the Heusinkveld's injunction. The Phillips and Shanahans also filed a cross-motion for summary judgment. Said motion was supported by affidavits contesting numerous bases for the possible exercise of jurisdiction over them by a New York court. The trial court, holding in favor of defendants, denied the motion for summary judgment from which order this appeal is taken.

OPINION

The controlling question presented by this appeal is whether the

court of New York had jurisdiction to enter its judgment against the Phillips and Shanahans.

■ It is well-settled that a party may not only agree to submit to the jurisdiction of a particular court which would not otherwise have authority over him, but also to the manner and method of service exercised upon him. (*National Equipment Rental, Ltd. v. Szukhent* (1964), 375 U.S. 311, 315-16, 11 L. Ed. 2d 354, 358, 84 S. Ct. 411, 414; *Comprehensive Merchandising Catalogs, Inc. v. Madison Sales Corp.* (7th Cir. 1975), 521 F.2d 1210.) In the instant case, the personal jurisdiction of the New York court depends upon the "Guarantee of Payment" document wherein each defendant agreed to both the selection of the State of New York as the forum where all litigation concerning the guarantees would occur and the manner in which they would be served with process.

Notwithstanding the consent to jurisdiction language contained in the aforementioned guarantee document, the Phillips and Shanahans adhere to the notion that dismissal of the instant action was proper because of the lack of minimum contacts between the party defendants and the forum State. Defendants first note that actual "contacts, ties or relations" are required in order for the assertion of jurisdiction to meet constitutional requirements. (See *Shaffer v. Heitner* (1977), 433 U.S. 186, 53 L. Ed. 2d 683, 97 S. Ct. 2569.) According to defendants, since they did not engage in any activity that could possibly satisfy the "minimum contacts" standard of *Shaffer v. Heitner*, the New York court was precluded constitutionally from asserting jurisdiction over the nonresident defendants.

■ We agree with defendants that all assertions of State court jurisdiction must be evaluated according to the standards set forth in the *Heitner* case. However, defendants' consent to jurisdiction in the "guarantees" provided the minimum contacts needed for the New York court to assert jurisdiction over them. (See *Wilmot H. Simonson Co. v. Green Textile Associates, Inc.* (N.D. Ill. 1983), 554 F. Supp. 1229, 1232.) A forum selection clause in a given agreement, alone, has been held sufficient to constitute consent to personal jurisdiction in the State of New York. (*Ultracashmere House v. Madison's of Columbus* (S.D. N.Y. 1982), 534 F. Supp. 542.) We therefore reject defendant's claim that upholding the consent to jurisdiction clause would violate due process because no "minimum contacts" existed between defendants and the State of New York.

■ Equally lacking in persuasion is defendants' contention that the "guarantee" documents in the instant case do not apply to the transaction sued on in the New York proceeding. Defendants' liability

arose out of the guarantee of payment that each had signed. Plaintiff's allegation invoked the New York court's jurisdiction because each defendant had consented to the court determining all disputes arising out of the guarantees. Defendants nonetheless imply that because the consent to jurisdiction language is not in the lease itself but rather in the guarantee of payment document, there is a question as to whether the consent to jurisdiction related to the lease sued upon. We find this interpretation of the subject document unreasonable and untenable.

It is abundantly clear that the "guarantee" documents apply to the transaction sued on. The New York judgment implicitly shows that it was based on a dispute arising out of the guarantee that defendants had agreed to litigate before that court. Accordingly, the connection between the guarantees and the New York lawsuit is sufficiently certain to make defendants' consent to the jurisdiction of a New York court enforceable.

Defendants next attack jurisdiction by arguing that New York lacks statutory laws expressly providing that process may be served in the manner agreed upon by the parties. While defendants' assertion is true, it is insignificant for purposes of determining the validity of the New York court's jurisdiction.

An overview of recent case authority clearly shows that New York courts have uniformly upheld service of process through agreements similar to the one in question in the instant case. (See *National Equipment Rental, Ltd. v. Dec-Wood Corp.* (1966), 51 Misc. 2d 999, 274 N.Y.S.2d 280; *Cohen v. Coleman* (1981), 110 Misc. 2d 419, 442 N.Y.S. 2d 834.) In *National*, defendants were served with process by certified mail in accordance with the terms of a written agreement. The court there held not only that such service was sufficient, but also that it effectively conferred jurisdiction over the defendants. Relying on *National*, the court in *Cohen* enforced an oral agreement to accept service of summons by mail.

Illinois also recognizes service of process through agreed means. (See *La Verne v. Jackman* (1967), 84 Ill. App. 2d 445, 228 N.E.2d 249; *Tanbro Fabrics Corp. v. Hymen* (1950), 341 Ill. App. 396, 94 N.E.2d 93; *Comprehensive Merchandising Catalog, Inc. v. Madison Sales Corp.* (7th Cir. 1974), 521 F.2d 1210.) In *Comprehensive Merchandising*, where defendant likewise contended that jurisdiction did not exist in New York because the agreed method of mail service was not expressly allowed by the New York statute, the court noted:

"[I]t is clear that apart from the contract, the method of notice utilized would not be adequate under N.Y. Civ. Prac. sec.

313. This type of notice provided under the contract is permissible, however, under New York law. *Gilbert v. Burnstine* [(1931), 255 N.Y. 348, 174 N.E. 706]; *National Equipment Rental, Ltd. v. Dec-Wood Corp.*, 51 Misc. 2d 999, 274 N.Y.S.2d 280 (1966)." (521 F.2d 1210, 1212 n.3.)

It may be thus concluded that although the legislature has not seen fit to expressly provide for service of process by means of certified mail, New York courts have clearly sanctioned such method of service, if agreed to by the parties involved.

In the instant case, it has been established that the parties agreed to the manner and method of service in the event of an impending lawsuit. Further, an affidavit filed by plaintiff supports its contention that it followed the agreed upon method of service by mailing the summons and complaint to the defendants by certified mail, return receipt requested, at the address specified in their contract. Since the agreement conferring authority on the plaintiff to serve defendants by mail was valid, service of process through this means was sufficient to confer jurisdiction over the defendants.

Having resolved the issue of jurisdiction, we now turn to consider whether section 12-108 of the Illinois Code of Civil Procedure and an injunction entered in a separate proceeding bars the registered judgment against defendants from becoming final.

Section 12—108 of the Code of Civil Procedure provides in relevant part that "no judgment shall be enforced after the expiration of seven years from the time the same is rendered ***." Ill. Rev. Stat. 1983, ch. 110, par. 12—108.

Plaintiff contends that because the registered judgment is not final, section 12—108's time bar has not started. According to plaintiff, the filing of a petition for registration creates a new Illinois judgment that must be made final to be enforced. (See Ill. Rev. Stat. 1983, ch. 110, par. 12—603.) Neither a foreign nor a nonfinal registered judgment is enforceable in Illinois. (See 87 Ill. 2d R. 304; *In re Marriage of Dewhurst* (1983), 116 Ill. App. 3d 423, 425, 452 N.E.2d 139, 140-41.) Although since 1976 the New York judgment has been a registered judgment of Illinois, it has yet to become final. See *Light v. Light* (1957), 12 Ill. 2d 502, 147 N.E.2d 34; *Chatham v. Chatham* (1977), 54 Ill. App. 3d 633, 370 N.E.2d 50; Ill. Rev. Stat. 1983, ch. 110, par. 12—610.

Defendants argue that once a judgment becomes seven years old, section 12—108 voids a post-judgment enforcement procedure that was timely brought. Thus, under defendants' reasoning, the 1975 New York judgment is void because it did not become final before the end

of the seven-year limitation period.

■ The Supreme Court of Illinois, however, has long held that the start of the time bar is not measured from the time the foreign judgment was rendered or first sought to be registered. Rather, "the vitality of the foreign judgment is to be determined as of the date that it is registered." (*Light v. Light* (1957), 12 Ill. 2d 502, 509, 147 N.E.2d 34, 39.) In the instant case, the registration proceeding was timely brought. We agree with plaintiff that the lapse of time does not undo its force. Section 12—108 does not apply to a timely initiated proceeding to register a foreign judgment because the judgment at this point in time is unenforceable. Since a final enforceable judgment has not yet been rendered, section 12—108's time limit on the enforcement of judgments has not started to run.

■ Finally, there is the question of whether an injunction entered in a case in which defendants were not parties may bar making the registered judgment against defendants final.

We note initially that an injunction should not be interpreted as broader in scope than the relief sought in the pleadings. (*Cook County v. Rosen & Shane Wine & Spirits, Inc.* (1978), 58 Ill. App. 3d 744, 374 N.E.2d 838.) Further, an injunction should not be interpreted as being "more extensive than is reasonably required to protect the interests of the party in whose favor it is granted, and should not be so broad as to prevent defendant from exercising his rights." (*Streif v. Bovinette* (1980), 88 Ill. App. 3d 1079, 1085, 411 N.E.2d 341 (quoting *People ex rel. Traiteur v. Abbott* (1975), 27 Ill. App. 3d 277, 282-83, 327 N.E.2d 130, 134).) Rather, the court should interpret the injunction "with reference to the nature of the proceeding and the purpose of the injunction as shown by the pleadings and relief prayed for." *Pfeiffenberger v. Illinois Terminal R.R. Co.* (1946), 329 Ill. App. 476, 481, 69 N.E.2d 355 (citing 43 C.J.S. *Injunctions* sec. 264, at 1016); *Dolnick v. General Superintendent of Schools* (1979), 67 Ill. App. 3d 8, 384 N.E.2d 408.

■ Applying these principles to the case at bar, we conclude that the chancery court injunction in question should not be interpreted as restricting plaintiff's rights against the defendants Phillips and Shanahans, who were not parties before the chancery court. The facts of the case clearly support our position. First, the Heusinkvelds were the only party defendants requesting relief from the chancery court. Second, the Heusinkvelds' complaint sought injunctive relief for reasons applicable only to themselves. As the only grounds for the permanent injunction, the Heusinkvelds specifically claimed that they had limited their guarantees to $50,000.

We reject defendants' argument that plaintiff is collaterally estopped from contesting the injunction entered in the Heusinkveld proceeding, in which defendants were not parties. Instead, we adhere to plaintiff's view that because the Heusinkveld court did not consider plaintiff's right to register its judgment against these defendants, the trial court erred in interpreting the injunction as barring that right.

The order of the trial court is therefore reversed and the cause is remanded for further proceedings.

Reversed and remanded.

SULLIVAN, P.J., and PINCHAM, J., concur.