ETA TRUST, Plaintiff-Appellant, v. GEORGE V. RECHT, Defendant-Appellee.

First District (6th Division)   No. 1—90—1245

Opinion filed April 5, 1991.—Rehearing denied June 14, 1991.

James D. Montgomery & Associates, Ltd., of Chicago (Robert P. Vogt, of counsel), for appellant.

Peter N. Apostal, of Chicago, for appellee.

JUSTICE LaPORTA delivered the opinion of the court:

Plaintiff appeals a court order granting defendant's motion to dismiss plaintiff's petition to register a foreign judgment. Plaintiff raises as issues on appeal: (1) whether the trial court erred in ruling that the Massachusetts court lacked jurisdiction to enter judgment against a nonresident defendant where the lease agreement contained a forum selection clause designating Massachusetts as the forum State which would have jurisdiction over disputes, where the lease agreement provided an agreed method of permissible service and where the judgment was entered against defendant in the designated forum State upon a showing that the agreed upon provisions for service had been met; and (2) whether the trial court erred in interpreting the lease agreement's provisions for forum selection and method of service as excluding and therefore as inapplicable to defendant-guarantor.

On November 9, 1989, plaintiff petitioned the first municipal district of the circuit court of Cook County, Illinois, for registration of a foreign judgment entered against defendant as guarantor on a lease for his son, then a student in Cambridge, Massachusetts, as lessee. The petition stated that a judgment for $3,229.29 was entered by the Massachusetts court on September 17, 1982, and that the judgment remained unsatisfied. The petition sought an additional amount for post-judgment interest at the annual rate of 12% as provided in the Massachusetts statute.

On November 17, 1989, the court registered the foreign judgment entered in Massachusetts against defendant for the original judgment amount together with post-judgment interest, all in the total amount

of $7,138.92. Defendant was served with summons, and thereafter entered a limited and special appearance and moved to dismiss plaintiff's petition for registration of foreign judgment. Defendant argued that the foreign judgment was not "conclusive" as required by the Illinois statute because the Massachusetts court had no personal jurisdiction over defendant and he was not properly served with summons prior to entry of the judgment. (Ill. Rev. Stat. 1989, ch. 110, pars. 12—621(a)(2), (b)(1).) Defendant contended that for those reasons the plaintiff was not entitled to register the foreign judgment in Illinois and that the court should quash the summons issued in this cause. Defendant's motion was supported by his affidavit, which denied receipt of notice or service in the Massachusetts action and denied knowledge of the entry of the judgment against him.

On December 15, 1989, the court entered an order dismissing the petition for registration of foreign judgment and quashed the service of summons on defendant. The court expressly stated that it found defendant's case similar to another Massachusetts case, *Spunt v. Kapral* (Mass. Dist. Ct. 1976), No. 1597, wherein a Massachusetts trial court in its memorandum decision found it had no jurisdiction over that defendant. Kapral was a resident of New York and had also signed as a guarantor on the lease that is the subject of this appeal. That decision was entered by a different trial judge than the judge who entered judgment against Recht.

Plaintiff filed a motion to vacate the dismissal order here, contending that defendant's motion to dismiss contained several misrepresentations of law and facts which plaintiff did not have an opportunity to rebut. On January 9, 1990, the trial court granted plaintiff's motion to vacate the dismissal order, heard additional arguments of the parties and again ruled in defendant's favor. The court granted the motion to dismiss the petition for registration of foreign judgment with prejudice and quashed the summons.

On February 7, 1990, plaintiff filed a motion to reconsider with supporting documents. Plaintiff alleged that the Massachusetts court had jurisdiction over defendant because of paragraph 36 in a rider attached to the lease, which stated: "As guarantors' signatures are being executed outside Massachusetts, provisions for acknowledgements have been made below. The parties all acknowledge jurisdiction involving any matters in connection with this lease to the Courts of Middlesex County of Massachusetts and any notices given or services made shall be deemed to be valid and appropriate if given by certified mail prepaid to the respective party (addressee), at their last and usual address according to Lessor's records or as provided on the

rental application forms, whether or not actually received." Plaintiff also filed a certificate of judgment from the Massachusetts court and an affidavit from plaintiff's attorney to establish that plaintiff sent notice of the proceeding by certified mail to defendant at the time the suit was filed but that defendant refused to accept the certified mail in two attempted deliveries by the United States Postal Service.

Defendant filed a response to the motion to reconsider in which he raised three arguments. He contended that the purported consent in the contract agreement to the jurisdiction of the Massachusetts court found in paragraph 36 of the rider was invalid because it recited no consideration, was not signed by the plaintiff and therefore lacked mutual assent. He also contended that defendant signed the guarantee outside Massachusetts and lacked the minimum contacts with the State required for *in personam* jurisdiction. Finally, defendant contended that he did not receive actual notice of the pending litigation in Massachusetts as required by the laws of that State for due process.

On March 9, 1990, the trial court denied plaintiff's motion to reconsider, finding that the guarantors were not "parties" to terms and conditions of the lease but were only guarantors of the lessees' performance. In addition, the court found "the guarantors' contacts were too minimal to confer jurisdiction of the Illinois resident on Massachusetts." The trial court adopted the reasoning of the Massachusetts trial court decision in *Kapral*, which held that the Massachusetts court had no jurisdiction over that defendant. In the memorandum decision, the Massachusetts trial court relied on *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, which held that, in order to subject a nonresident defendant to *in personam* jurisdiction, the defendant must have minimum contacts with a State so that an action against him would not offend the "traditional notions of fair play and substantial justice." In dismissing the suit against Kapral, the trial court held that because the contract between plaintiff and defendant was made outside Massachusetts, and defendant had never resided in Massachusetts nor did he transact business in the State nor have any interest in or use or possession of realty in Massachusetts, that defendant did not have the requisite minimum contacts with the State for *in personam* jurisdiction. Our search indicates that the *Kapral* decision was not appealed.

■ Initially we note that the judge erred in granting defendant's motion to quash service of summons on plaintiff's petition to register the Massachusetts judgment in Illinois. Defendant filed a special and limited appearance pursuant to section 2—301 of the Code of Civil

Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—301). Section 2—301 permits a party to file a special and limited appearance for the sole purpose of objecting to the jurisdiction of the court over the person. Defendant does not contest jurisdiction of the Illinois court but instead asks this court to find the Massachusetts court had no jurisdiction to impose judgment against him and therefore a special and limited appearance here is inappropriate.

Even if defendant intended to challenge the Illinois court's jurisdiction over him, he waived that right when he took part in further proceedings in the case. Any participation by a litigant which relates to the subject matter of the litigation submits him to the jurisdiction of the court, and his special and limited appearance becomes a general appearance that precludes a challenge to the court's *in personam* jurisdiction over the defendant. (*Colletti v. Crudele* (1988), 169 Ill. App. 3d 1068, 1075, 523 N.E.2d 1222.) The trial court should have either granted defendant's motion to quash service and then not proceeded with a hearing on the substantive matters or it should have denied the motion to quash service and then proceeded to hear defendant's objections to the petition for registration of the foreign judgment. For the trial court to have quashed service and then proceeded to rule on substantive matters was error.

We next consider whether the trial court erred in ruling that the Massachusetts court lacked jurisdiction to enter judgment against a nonresident defendant who signed a lease agreement containing a forum selection clause and an agreed-upon method of service.

■ The Uniform Enforcement of Foreign Judgements Act (Act) (Ill. Rev. Stat. 1987, ch. 110, pars. 12—601 through 12—617) was enacted to implement the full faith and credit clause of the United States Constitution (U.S. Const., art. IV, §1; *Thompson v. Safeway Enterprises, Inc.* (1978), 67 Ill. App. 3d 914, 385 N.E.2d 702, 705). Section 12—602 of the Act states: "On application made within the time allowed for bringing an action on a foreign judgment in this State, any person entitled to bring such action may have a foreign judgment registered in any court of this State having jurisdiction of such an action." (Ill. Rev. Stat. 1987, ch. 110, par. 12—602.) A strong legal presumption exists that a court of general jurisdiction entering a judgment had jurisdiction to render the judgment. (*Paine, Webber, Jackson & Curtis, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 468 N.E.2d 459.) A court considering a petition for registration of foreign judgment may inquire into the jurisdictional basis of a foreign court's judgment and shall give full faith and credit to the judgment when the inquiry discloses that the issue of jurisdiction has been litigated

and decided in the rendering court. *Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 251, 364 N.E.2d 926, 929; *People ex rel. Scott v. Dravo Corp.* (1973), 10 Ill. App. 3d 944, 295 N.E.2d 284, 289.

Plaintiff argues on appeal that the Massachusetts court found it had jurisdiction based on the forum selection clause in paragraph 36 of the rider to the subject lease and that such clauses are *prima facie* valid and will only be set aside upon a showing of fraud, undue influence, overwhelming bargaining power or such serious inconvenience in litigating in the selected forum that it would effectively deprive a party of his day in court. (*LFC Lessors, Inc. v. Pearson* (D. Mass. 1984), 585 F. Supp. 1362.) Plaintiff argues that defendant has claimed no such hardship but in fact voluntarily signed the contract. Massachusetts law acknowledges the validity of forum selection clauses. *W.R. Grace & Co. v. Hartford Accident & Indemnity Co.* (1990), 407 Mass. 572, 555 N.E.2d 214.

Plaintiff cites *National Equipment Rental, Ltd. v. Polyphasic Health Systems, Inc.* (1986), 141 Ill. App. 3d 343, 347, 490 N.E.2d 42, 44, where the court considered whether to permit registration of a foreign judgment in Illinois on a contract signed in New York which included a forum selection clause and a specified method of permissible service. The appellate court held that the contract provisions, including the forum selection and service provisions, were valid and enforceable. The court found this to be sufficient minimum contact necessary for the New York court to assert jurisdiction. *National Equipment Rental, Ltd.*, 141 Ill. App. 3d at 347.

Plaintiff contends that it is undisputed that a certified letter with the proper summons and complaint was mailed to the defendant. Plaintiff argues that the Massachusetts court found this sufficient evidence of certified mail delivery of service of summons on the defendant to satisfy the requirements of the parties' contract. Plaintiff argues that the United States Supreme Court has found valid contract clauses which specify an agreed method of service. *M/S Bremen v. Zapata Off-Shore Co.* (1972), 407 U.S. 1, 11, 32 L. Ed. 2d 513, 521, 92 S. Ct. 1907, 1913-14; *National Equipment Rental, Ltd. v. Polyphasic Health Systems, Inc.* (1986), 141 Ill. App. 3d 343, 347, 490 N.E.2d 42, 44.

Defendant urges this court to find that the foreign judgment is inconclusive and therefore cannot be registered in Illinois, because defendant lacked minimum contacts with the jurisdiction so as to subject him to the jurisdiction of the Massachusetts court, since he neither resided in the State nor used the leased premises. Defendant cites section 12—621 of the Uniform Foreign Money-Judgments Rec-

ognition Act, which states, in pertinent part, that a foreign judgment is not conclusive if a foreign court did not have personal jurisdiction over the defendant and the judgment need not be recognized if the defendant did not receive notice of the proceeding in the foreign court in sufficient time to enable him or her to defend. Ill. Rev. Stat. 1987, ch. 110, pars. 12—621(a)(2), (b)(1).

Defendant argues further that the Massachusetts court lacked jurisdiction over him because it had no proof defendant received actual notice of the proceeding. Defendant argues that he is not subject to the certified mail provision provided for in paragraph 36 of the rider attached to the lease agreement because the rider was legally binding upon the lessees only and was not binding on the guarantors. Therefore, defendant contends, plaintiff was required to comply with the Massachusetts rules of civil procedure, which require service by certified mail return receipt signed by the addressee for valid out-of-State service. (Mass. Ann. Laws, Rules of Civ. Proc. R. 4(e) (Law. Co-Op. 1982).) Defendant adds that there is no proof that the certified letter plaintiff allegedly sent even included a summons and copy of the complaint. We note, however, that defendant also has not proven that the envelope did not contain a copy of the complaint and summons.

The record includes an affidavit and a copy of a certified mail envelope which were before the Massachusetts court in 1982 when it rendered judgment against defendant. The affidavit by plaintiff's attorney states in part: "[I] personally spoke to the defendant on the telephone and ascertained that the defendant lived at 3401 Bellwood Lane, Glenview, Illinois 60025. [I], pursuant to the terms of the lease and guarantee, mailed a certified letter to the defendant at his address. This letter is attached, and it was refused and remained unclaimed after two (2) notices of attempted delivery." A photocopy of the certified mail envelope is also attached, showing hand notations of dates in July 1981. The envelope's content referred to in the affidavit as "attached letter" is not part of the record.

■■ In construing the provisions of a written instrument, the prime consideration is to ascertain and effectuate the intention of the parties at the time of execution. (*Chemical Petroleum Exchange, Inc. v. Metropolitan Sanitary District of Greater Chicago* (1980), 81 Ill. App. 3d 1005, 1009, 401 N.E.2d 1203, 1206.) A typed portion of a document prevails over a printed portion in determining the construction of a contract. *Lambos v. Lambos* (1972), 9 Ill. App. 3d 530, 292 N.E.2d 587, 590.

Here, defendant took the affirmative step of signing a lease agreement which stated a chosen forum and method of permissible service of process. The paragraph containing both choice of forum and notice was typed in at the end of the printed lease. Following the law enunciated in *National Equipment Rental, Ltd. v. Polyphasic Health Systems, Inc.* (1986), 141 Ill. App. 3d 343, 490 N.E.2d 42, we find defendant is barred from denying the validity of the forum selection and service provisions in the contract.

■■ We next consider the trial court's determination that defendant lacked minimum contact with the State so as to afford the State jurisdiction. In determining whether there is some reasonable minimum contact with the forum State, the court will consider whether by his act the defendant voluntarily elects to invoke the protection of the foreign State's law. (*Schneider Corp. of America v. R.W. Borrowdale Co.* (1980), 89 Ill. App. 3d 904, 906, 412 N.E.2d 605, 606-07.) Parties to a contract may agree in advance to submit to the jurisdiction of a given court, to permit notice to be served by the opposing party in a specific manner or even to waive notice. *National Equipment Rental, Ltd. v. Szukhent* (1964), 375 U.S. 311, 316, 11 L. Ed. 2d 354, 358, 84 S. Ct. 411, 414.

■■ A forum selection clause in a given agreement has been held sufficient to constitute consent to personal jurisdiction in a foreign State. (*National Equipment Rental, Ltd. v. Polyphasic Health Systems, Inc.*, 141 Ill. App. 3d at 347.) We find defendant cannot invoke the minimum contacts protection of *International Shoe* because he consented by contract agreement to Massachusetts as the forum State and to a specified permissible type of service of process.

■■ Finally, defendant argues that even if the lease could be construed so as to apply only to an out-of-State defendant, the court would still be prevented from enforcing the forum selection clause and service provision against him because he was merely a guarantor on the lease and not a "party" to the lease. Defendant argues further that the rider specifying the forum and type of service was attached to the back of the contract, on the page following his signature, and that the lack of his signature on the rider is a "glaring and fatal legal omission to the enforceability" of the rider.

Plaintiff argues that the only reasonable construction of the lease, including the guaranty clause, is a finding that the guarantors intended to submit to the jurisdiction of Massachusetts courts and consented to a specific means of service of process. Plaintiff states that paragraph 36 was inserted specifically because guarantors were involved in the contract. That paragraph provides that "the parties all

acknowledge jurisdiction" in Massachusetts and that "any notices given or served shall be given by certified mail, whether or not actually received." Plaintiff cites paragraph 14 of the lease, which specifically refers to an agreed-upon form of notice between lessor and lessee. Plaintiff argues that paragraph 36 would be duplicative of paragraph 14 and therefore unnecessary if the court were to find that it did not apply to the guarantors but simply provided an agreed-upon means of notice between lessor and lessee.

Defendant asks us to construe the forum selection clause and service provision to apply only to lessor/lessee. Clearly, the provisions in the entire paragraph No. 36 were meant to include and apply to the guarantors as well. We find that the clear language of the rider applies to all persons who signed the written document, and, accordingly, that defendant has specifically agreed to the jurisdiction of the Massachusetts court and to service by certified mail, whether or not he accepted or received service of process by certified mail.

Defendant's argument that there was no mutual assent to the rider portion of the contract is ludicrous. Defendant does not contend that the rider was attached after his signature was affixed or that he did not read the rider. A reference to the rider is found in the printed lease document above and on the same page as defendant's signature. The notary verification of defendant's signature, affixed in Illinois after defendant signed the document, appears on the rider page following paragraph 36. To suggest that defendant was unaware of the rider, or that it was not part of the document and attached to it when defendant signed, makes no sense. It cannot have happened that way.

■■ Full faith and credit must be extended to a foreign judgment when the inquiry discloses that the issue of jurisdiction has been litigated and decided in the rendering court. (*Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 251, 364 N.E.2d 926, 929; *People ex rel. Scott v. Dravo Corp.* (1973), 10 Ill. App. 3d 944, 950, 295 N.E.2d 284, 289.) Defendant does not argue that the Massachusetts court failed to consider whether it had jurisdiction to render the judgment. Defendant did not challenge the sufficiency of proof before the Massachusetts court. The affidavit from plaintiff's attorney was unrefuted when the Massachusetts trial court found that it had jurisdiction to render judgment against defendant.

Defendant relies on the *Kapral* decision, where the Massachusetts court, by a trial judge other than the judge who entered judgment against Recht, found it had no jurisdiction over a guarantor on the lease. We find that case factually dissimilar to ours. Kapral was a resident of New York who challenged the trial court's jurisdiction in Massa-

chusetts. Kapral was served by registered mail in New York and then in Massachusetts filed a motion to dismiss the action for lack of jurisdiction over the person and insufficiency of process under Massachusetts rules of civil procedure. The Massachusetts trial court found it had no jurisdiction over Kapral.

Here, defendant chose twice to refuse service of the complaint and summons by certified mail and did not challenge in Massachusetts the jurisdiction of the Massachusetts court or its right to enter judgment against him.

Defendant's unwillingness to participate as a party in the Massachusetts action should not now be the key to his success in avoiding registration of the foreign judgment in Illinois. We are required to give full faith and credit to a foreign judgment when our inquiry discloses that the issue of jurisdiction was litigated and decided in the foreign court. We find that the defendant was properly subject to the jurisdiction of the Massachusetts court by reason of the provisions of paragraph 36 of the lease and by reason of that court's conclusion that attempted certified mail service on the defendant was made. We find that the Massachusetts judgment was valid against defendant.

For all of these reasons, the order of the trial court dismissing plaintiff's petition to register a foreign judgment should be reversed and this cause remanded for further proceedings to enforce judgment.

Judgment reversed and remanded.

RAKOWSKI, P.J., and EGAN, J., concur.