# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**_Eastern Savings Bank, FSB v. Flores_, 2012 IL App (1st) 112979**

---

| | |
|---|---|
| Appellate Court Caption | EASTERN SAVINGS BANK, FSB, Plaintiff-Appellee, v. SUSAN FLORES, Defendant-Appellant (Edward Flores, Defendant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-11-2979 |
| Filed | August 24, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The forbearance agreement that defendant entered into with plaintiff bank, in which the bank agreed to suspend foreclosure proceedings if defendant made certain payments and defendant acknowledged that she was properly served in the foreclosure action and consented to a foreclosure judgment and sale if she defaulted, applied prospectively and retroactively to defendant, and the trial court properly denied defendant's motion to quash service based on the forbearance agreement. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-23784; the Hon. Mathias Delort, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal                David R. Sweis, of Sweis Law Firm, of Oak Brook, for appellant.

Stephen G. Daday and Daniel J. Lee, both of Klein, Daday, Aretos & O'Donoghue, LLC, of Rolling Meadows, for appellee.

Panel                PRESIDING JUSTICE EPSTEIN delivered the judgment of the court, with opinion.

Justices McBride and Taylor concurred in the judgment and opinion.

## OPINION

¶ 1        On July 16, 2009, plaintiff, Eastern Savings Bank, filed a complaint in the circuit court of Cook County to foreclose the mortgage on the property of defendants Susan and Edward Flores. Defendants were allegedly served with summons by substitute service on July 23, 2009 by leaving a copy of the summons with "John Flores, Brother, a member of the household." Defendants acknowledged that John Flores was Edward's brother, but they argued that he did not live at their residence and was not at their property on the date of service. Defendants did not answer the complaint or otherwise appear, and the court issued a default judgment against them on November 12, 2009.

¶ 2        On December 28, 2009, Susan Flores allegedly sent a facsimile to the circuit court clerk's office with the subject heading "Notice of Default Judgment" that included her medical records and a statement claiming that she was seeking a loan modification from Eastern Savings Bank. Flores did not sign the letter. The next day, the clerk's office sent a facsimile back to Flores, informing her of the default judgment against her. The clerk's office also directed Flores not to send any documents to the clerk's office, to send those documents to the other parties of the suit, and to contact the chancery division advice desk for further assistance. Flores claims that she did not send any correspondence to the court and that the letter contained false information that she had cancer. Flores explained that Carolyn Allen, who was purportedly helping her with the loan modification, sent the letter without Flores' permission. Allen could not be found to confirm Flores' account.

¶ 3        On February 2, 2010, Susan Flores and Eastern Savings Bank entered into a forbearance agreement. Edward Flores was not party to the agreement. Eastern Savings Bank agreed to suspend the foreclosure from proceeding further until December 1, 2010 if Susan Flores paid an initial forbearance payment of $10,000, and paid $1,620 per month from March 2010 to November 2010. Compliance by Flores with this payment schedule would result in Eastern Savings Bank agreeing to modify the terms of the initial loan. The forbearance agreement also included a provision that Flores would waive all "defenses, set-offs, or counterclaims to any foreclosure proceeding except as to the non-existence of a default under this agreement." Flores acknowledged "that borrower was properly served in the foreclosure

-2-

action" in paragraph eight of the forbearance agreement. Paragraph nine stated that Flores "consents to the entry of foreclosure judgment and any foreclosure sale that may be conducted by lender in the event that Borrower defaults under the terms herein."

¶ 4       Susan Flores defaulted on the terms of the forbearance agreement by failing to make the payment due on May 1, 2010. Eastern Savings Bank directed its counsel to proceed to the judicial sale, and the property was sold on August 16, 2010.

¶ 5       On October 18, 2010, Eastern Savings Bank filed a motion to confirm the judicial sale of the property. Susan Flores and Edward Flores were granted leave to file a special appearance and filed a motion to quash service in the initial foreclosure proceeding. The motion was granted as to Edward Flores and denied as to Susan Flores. Susan Flores then filed a motion to reconsider, which was also denied. The trial court denied Susan Flores' motion to quash service based on her waiver of service in the forbearance agreement. However, the court granted the motion to quash service for Edward Flores because he did not sign the forbearance agreement. The court declined to hold an evidentiary hearing as to whether Susan Flores sent the facsimile because the case was decided on the waiver of service in the forbearance agreement. Susan Flores then filed this appeal.

¶ 6       ANALYSIS

¶ 7       When a trial judge's ruling is based on documentary evidence, the appropriate standard of review is *de novo*. *Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 31 (2006). We note that the circuit court did not consider whether the facsimile Flores allegedly sent to the clerk's office subjected her to the court's jurisdiction and no issue of fact needs to be reviewed on appeal. We will therefore review the circuit court's decision *de novo*. *Id.*

¶ 8       In this appeal, defendant claims that service cannot be waived by private contract, but only may be accomplished by statute. According to defendant, section 2-213 of the Illinois Code of Civil Procedure describes the only method by which a party may waive service, and since the forbearance agreement did not comply with the statutory requirements, it could not effectively waive service. See 735 ILCS 5/2-213 (West 2006). Plaintiff counters by saying that waiver of service by statute is not the only method by which service can be waived, and it argues that a party may submit to the manner and method of service exercised upon her. Plaintiff contended that by acknowledging service in the forbearance agreement, defendant submitted to the jurisdiction of the court.

¶ 9       In support of her argument that a party may waive service of process by statute only, defendant relies on *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294 (1986). However, her reliance on *Thill* is misplaced. *Id.* The court in *Thill* stated *absent waiver*, personal jurisdiction can only be had if a party is served with process in the prescribed manner. *Id.* at 308. The court further explained that "[a] judgment rendered without service of process, either by summons or by publication and mailing, where there has neither been a *waiver of process* nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings." (Emphasis added.) *Id.* Thus, the court in *Thill* neither held nor implied that a person could not waive objections to personal

jurisdiction or service of process. See *id.* Indeed it strongly implied that such waivers are valid. See *id.* Nothing in *Thill* supports the proposition that a party may waive service of process by statute only. See *id.*

¶ 10    Illinois courts have held that a party may acknowledge service of process through a private contract. See *National Equipment Rental, Ltd. v. Polyphasic Health Systems, Inc.*, 141 Ill. App. 3d 343, 347 (1986). "It is well-settled that a party may not only agree to submit to the jurisdiction of a particular court that would not otherwise have authority over him, *but also to the manner and method of service* exercised upon him." (Emphasis added.) *Id.* (citing *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315-16 (1964), and *Comprehensive Merchandising Catalogs, Inc. v. Madison Sales Corp.*, 521 F.2d 1210, 1212 (7th Cir. 1975)).

¶ 11    In *National Equipment Rental, Ltd.*, the parties entered into a "guarantee of payments" contract that included a forum selection clause and provided that defendants " 'waive[ ] personal service of any and all process, and consent[ ] that all such service of process may be made by certified or registered mail.' " *National Equipment Rental, Inc.*, 141 Ill. App. 3d at 345. After defendants defaulted on the "guarantee of payments" contract, the New York court entered a default judgment against the parties, and the plaintiffs sought to have the judgment registered in Illinois. *Id.* In response, the defendants filed an answer alleging that the New York court did not have jurisdiction over them because they had not been served with process in the method prescribed by the statute. *Id.* The plaintiffs countered by saying that the defendants had been served in accordance with the terms of the contract and, therefore, the default had been entered with jurisdiction over the parties. *Id.* The court agreed with the plaintiffs, holding that although the service did not fit the means provided by statute, it was still valid because it followed the agreed-upon method of service from the guaranty of payments contract. *Id.*

¶ 12    Applying New York law, the court stated "[s]ince the agreement conferring authority on the plaintiff to serve defendants by mail was valid, service of process through this means was sufficient to confer jurisdiction over the defendants." *Id.* at 349. The court explained that even if the legislature had not seen fit to provide for the method of service rendered in that case, the method would still be enforceable because the parties had agreed to it. See *id.* The court further noted that "Illinois also recognizes service of process through agreed means." *Id.* at 348 (citing *La Verne v. Jackman*, 84 Ill. App. 2d 445 (1967), and *Tanbro Fabrics Corp. v. Hymen*, 341 Ill. App. 396 (1950)).

¶ 13    This court has also made clear that "Illinois [law] permits a party to contractually waive all defenses." *RBS Citizens National Ass'n v. RTG-Oak Lawn, LLC*, 407 Ill. App. 3d 183, 186 (2011). Defendant, however, contends that the trial court's ruling allowing an acknowledgment of service by private contract violates Illinois public policy, and she attempts to distinguish this case from *RBS Citizens*. See *id. RBS Citizens* involves a commercial entity defaulting on the terms of its loan, and then entering into a forbearance agreement with the lender to stay the foreclosure sale. *Id.* at 184. The forbearance agreement included a waiver of all defenses and counterclaims from the original foreclosure action. *Id.* at 185. When the party defaulted on the terms of the forbearance agreement, it attempted to assert defenses at trial that had been waived in the forbearance agreement, and the trial judge

found that these claims were barred. *Id.* This court affirmed that these claims were waived, reasoning that since "Illinois permits a party to contractually waive all defenses," and since there was a strong public policy in Illinois that favors the enforcement of contracts, the trial judge correctly found that the claims had been waived. *Id.* at 186.

¶ 14   Defendant now argues that a consumer should not be able to contractually waive defenses against a sophisticated commercial entity. However, defendant ignores the strong public policy favoring the enforcement of contracts in Illinois, as well as the unfairness that would occur from one party enjoying all the benefits of a contract while not being bound to its side of the contract. *Id.* As *RBS Citizens* notes, the waiver of defenses and the acknowledgment of service of process are valuable considerations that a lender seeks in exchange for entering into a forbearance agreement, and for these provisions not to be enforced would diminish the incentive for lenders to enter into forbearance agreements. *Id.* We find that the enforcement of the waiver of defenses and the acknowledgment of service of process provisions of the forbearance agreement does not conflict with the public policy of Illinois.

¶ 15   As the foregoing cases demonstrate, parties may contractually agree to the method and manner of service exercised upon them, and may waive all defenses by private contract. We conclude that by entering into the forbearance agreement with plaintiff for valuable consideration, defendant acknowledged that the manner and method of service exercised in the original proceeding were valid, as was her right under Illinois law. See *National Equipment Rental, Ltd.*, 141 Ill. App. 3d at 347. By acknowledging in the forbearance agreement that she had been properly served, as Illinois allows a party to do, defendant submitted to the jurisdiction of the court when she was served on July 23, 2009, and the judgment entered against her on November 12, 2009 was valid. See *id.*

¶ 16   Next, defendant claims that even if she did waive service of process in the forbearance agreement, a party only submits to jurisdiction prospectively, and this would not validate the default judgment entered into before they signed the forbearance agreement. See *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989). *Verdung* states that when a party consents to the jurisdiction of the court, it only does so prospectively, and previous orders entered into without jurisdiction will not be retroactively validated. *Id.* However, defendant's reliance on *Verdung* is misplaced. See *id.* The court in *Verdung* did not consider the new text of section 2-301, which was amended in 2000. 735 ILCS 5/2-301 (West 2006); see *In re Marriage of Verdung*, 126 Ill. 2d at 547. *GMB Financial Group, Inc. v. Marzano*, 385 Ill. App. 3d 978 (2008), analyzes the text of section 2-301, and it finds no "temporal restriction on the waiver; it works prospectively and retroactively." *Id.* at 987. When a party waives objections to jurisdiction, it does so both prospectively and retroactively, and there is no issue of retroactive validation of orders and judgments once a party has waived jurisdiction. *Id.* Therefore, since defendant acknowledged that service of process was valid in the original proceeding on July 23, 2009, and since waiver of objections to personal jurisdiction applies both prospectively and retroactively under amended section 2-301, the default judgment issued on November 12, 2009 was entered with personal jurisdiction over the defendant.

¶ 17   Affirmed.