MARK HOPPA, Plaintiff-Appellee, v. JOHN P. SCHERMERHORN, a/k/a
J.P. Schermerhorn, *et al.*, Defendants-Appellants (Clifford D. Kemper *et al.*,
Defendants).

First District (4th Division)   No. 1—89—0233

Opinion filed December 21, 1989.—Rehearing denied January 18, 1990.

Richard L. Hoffman, of Chicago, for appellants.

Mark S. Smith and Stephen B. Engelman, both of Engelman & Smith, of Skokie, for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Mark Hoppa, secured a default judgment against defendants J.P. Schermerhorn & Company, and J.P. Schermerhorn, individually. Thereafter, Schermerhorn & Company was added to the judgment pursuant to Hoppa's section 2—401(b) motion to correct a misnomer. (Ill. Rev. Stat. 1987, ch. 110, par. 2—401(b).) J.P. Schermerhorn & Company, Schermerhorn & Company, and J.P. Schermerhorn, individually, moved to vacate the default judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). The trial court denied the motion, and Schermerhorn & Company and J.P. Schermerhorn, individually, appeal from the trial court's decision. They contend that the default judgment entered against them is void for want of personal jurisdiction. J.P. Schermerhorn & Company is not a party to this appeal.

To arrive at appeal, the parties took the following procedural path. In February of 1984, the plaintiff, Mark Hoppa, filed his initial action for injuries he sustained in a traffic accident. At that time, neither J.P. Schermerhorn & Company nor J.P. Schermerhorn, individually, was named as a defendant. In February of 1985, the court granted Hoppa leave to amend his complaint to implead defendant J.P. Schermerhorn & Company. Hoppa amended the complaint and served process on J.P. Schermerhorn & Company. In April of 1985, J.P. Schermerhorn & Company responded to the amended complaint with an appearance and answer. J.P. Schermerhorn & Company's attorney later sought leave to withdraw from representation of the company. The court granted the attorney's request. Hoppa subsequently deposed J.P. Schermerhorn as an officer of J.P. Schermerhorn & Company. On July 1, 1985, J.P. Schermerhorn & Company was dissolved. On the same day, Schermerhorn & Company was incorporated. On July 29, 1986, the court granted Hoppa leave to file a second amended complaint with summons to issue against J.P. Schermerhorn, individually. Hoppa attempted service on the individual, J.P. Schermerhorn; however, the summons was returned in August of 1986 marked "not served."

J.P. Schermerhorn, individually, never filed an appearance or an answer to Hoppa's second amended complaint. In October of 1987, Hoppa settled with the defendants initially named in his suit. At that time the court entered a default judgment against defendant J.P. Schermerhorn & Company for failure to appear. The court also entered a default judg-

ment against J.P. Schermerhorn, individually, even though he had not been served with process, nor had he filed an appearance. In January of 1988, Hoppa filed a section 2—401(b) motion to amend the judgment, alleging that J.P. Schermerhorn & Company was a misnomer for Schermerhorn & Company. The court granted Hoppa's motion and added Schermerhorn & Company to the judgment order. Hoppa filed a nonwage garnishment against Schermerhorn & Company, J.P. Schermerhorn & Company, and J.P. Schermerhorn, who then filed a section 2—1401 petition to vacate the default judgment. The court denied the motion, and J.P. Schermerhorn, individually, and Schermerhorn & Company filed this appeal.

■ J.P. Schermerhorn, individually, and Schermerhorn & Company allege that the court lacked the personal jurisdiction necessary to enter a judgment against them, therefore, the default judgment is void. We agree. To have a valid judgment, the court must have personal jurisdiction over the parties. (*In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 535 N.E.2d 818.) The personal jurisdiction may be acquired through statutorily directed service of process, or through the party's general appearance in the court. In the present case, neither of the appellants was served, nor did either file an appearance in court.

■ ■ Hoppa does not deny that J.P. Schermerhorn, individually, was never served. Hoppa's contention is that the court acquired jurisdiction over J.P. Schermerhorn through his general appearance before the court. Hoppa cites to the case of *Mauro v. Peterson* (1984), 122 Ill. App. 3d 466, 461 N.E.2d 564, to support his argument that any action a litigant takes which recognizes the case as being in court will amount to a general appearance unless the action is for the sole purpose of objecting to jurisdiction. Hoppa notes that J.P. Schermerhorn appeared at a deposition in November of 1985 without contesting jurisdiction. Hoppa does not offer any authority, however, to support the proposition that a litigant's appearance at a deposition amounts to action recognizing a case as being in court. Furthermore, the deposition to which Hoppa refers occurred before J.P. Schermerhorn, individually, was joined in the lawsuit. In Hoppa's own statement of facts before this court, he acknowledges that the notice of deposition was served upon J.P. Schermerhorn & Company. Presumably, J.P. Schermerhorn appeared at the deposition, not individually, but as an officer of J.P. Schermerhorn & Company.

Hoppa's further argument is that J.P. Schermerhorn's general appearance before the court is evidenced through an affidavit J.P. Schermerhorn provided to the court in which he stated he had attended court on numerous occasions during the pendency of the proceedings. J.P.

Schermerhorn submitted the affidavit, part of the record of the court, in support of his argument that the default judgment should be vacated. It is not clear, however, whether J.P. Schermerhorn meant to attest that he appeared in court on behalf of himself, or on behalf of J.P. Schermerhorn & Company, or merely that he was present in the courtroom during many of the proceedings. Hoppa cites to the case of *Lakeview Trust & Savings Bank v. Estrada* (1985), 134 Ill. App. 3d 792, 480 N.E.2d 1312, for the proposition that a defendant's multiple in-court appearances during the original action, without contesting jurisdiction, constitutes a waiver of the defendant's right to contest jurisdiction on the basis of lack of service. In *Lakeview Trust,* however, the defendant's appearance in court as a respondent to the plaintiff's motion is noted in the subsequent court order. In the present case, there are no statements of the court to confirm J.P. Schermerhorn's appearance before the court between the time Hoppa filed his second amended complaint, naming J.P. Schermerhorn, individually, and the time the court entered the default judgment. Moreover, in *Lakeview Trust,* the court's notation that the plaintiff appeared in response to a motion indicates the plaintiff's participation in the proceedings. In the present case, there is no evidence that J.P. Schermerhorn, individually, participated in the proceedings. Hoppa has presented no authority to suggest that mere physical presence, as opposed to active participation, can be construed as the type of general appearance which serves to provide the court with personal jurisdiction.

Nor does J.P. Schermerhorn's appearance before the court to present a motion to vacate after the default judgment was entered serve as a general appearance for the purpose of validating the court's previous orders. In appearing with his motion to vacate the default judgment, Schermerhorn submitted only to the court's prospective jurisdiction. *In re Marriage of Verdung,* 126 Ill. 2d 542, 535 N.E.2d 818.

Hoppa also argues that even if the court did not have jurisdiction over him at the time of the default judgment, J.P. Schermerhorn has waived his right to object to jurisdiction on appeal because he failed to contest jurisdiction in any of the proceedings below. Schermerhorn correctly counters that a judgment void for lack of personal jurisdiction may be attacked and vacated at any time or in any court, either directly or collaterally. (*State Bank v. Thill* (1986), 113 Ill. 2d 294, 497 N.E.2d 1156.) Further, a party attacking a judgment for lack of personal jurisdiction on the grounds of defective service of process is not restricted by the time limitations or due diligence requirements of section 2—1401 of the Code of Civil Procedure. (*State Bank v. Thill,* 113 Ill. 2d 294, 497 N.E.2d 1156.) We believe that the court lacked the necessary jurisdiction

to pronounce a valid judgment against J.P. Schermerhorn, individually.

■ The court also lacked personal jurisdiction over Schermerhorn & Company. J.P. Schermerhorn & Company was not a misnomer for Schermerhorn & Company as Hoppa contends. It was therefore error for the court to amend the default judgment to add Schermerhorn & Company. Hoppa does not deny that J.P. Schermerhorn & Company was voluntarily dissolved approximately four months after it was impleaded into this lawsuit. On the date of dissolution, a new corporation, Schermerhorn & Company, was formed. In his section 2—401(b) motion to add Schermerhorn & Company to the final judgment order, Hoppa stated that he believed the two companies were "one and the same" because they conducted business from the same address, had the same telephone number, and in nearly all other respects were identical. Other than his impression that the two corporations "appeared to be identical," Hoppa has offered us no grounds for finding J.P. Schermerhorn & Company and Schermerhorn & Company are one and the same company. The facts indicate that the legal entity of Schermerhorn & Company was not in existence when the suit against J.P. Schermerhorn & Company was instituted. "The general rule is that a corporation, as a legal entity, has an existence distinct from all other business concerns." (*Cigan v. St. Regis House Hotel* (1979), 72 Ill. App. 3d 884, 888, 391 N.E.2d 197, 200.) Under this rule, Schermerhorn & Company and J.P. Schermerhorn & Company cannot be treated, as Hoppa attempts to do, as interchangeable parties. Service of process on J.P. Schermerhorn & Company did not accomplish service on Schermerhorn & Company. Nor can J.P. Schermerhorn & Company's appearance and answer in response to Hoppa's amended complaint be interpreted as a general appearance by Schermerhorn & Company. Because Schermerhorn & Company was not served and did not make a general appearance in court, we believe the court lacked the necessary jurisdiction to pronounce judgment over Schermerhorn & Company.

In conclusion, we believe that the default judgment against J.P. Schermerhorn, individually, and Schermerhorn & Company is void for want of personal jurisdiction. The addition of Schermerhorn & Company to the final judgment order was an improper section 2—401(b) amendment. Accordingly, the decision of the trial court is reversed.

Reversed.

JOHNSON and LINN, JJ., concur.