MOREY FISH COMPANY, Plaintiff-Appellant, v. RYMER FOODS, INC., Defendant-Appellee.

First District (4th Division) No. 1—91—2630

Opinion filed December 4, 1992.—Rehearing denied January 8, 1993.

JIGANTI, P.J., dissenting.

Michael T. Hannafan and William E. Blais, both of Michael T. Hannafan & Associates, of Chicago, and Wayne G. Popham and Robert K. Shelquist, both of Popham, Haik, Schnobrich & Kaufman, Ltd., of Minneapolis, Minnesota, for appellant.

Kwiatt & Silverman, Ltd., of Chicago (Scott E. Tuckman, of counsel), for appellee.

JUSTICE McMORROW delivered the opinion of the court:
Morey Fish Company appeals from the trial court's dismissal of its complaint for injunctive relief against Rymer Foods, Inc. (Rymer Foods). In its suit, Morey Fish Company sought to enjoin enforcement of a Federal district court decision that had been entered against it and in favor of Rymer Foods. On appeal, Morey Fish Company argues that the Federal district court's judgment was void for lack of personal jurisdiction over it, because Morey Fish Company was never served with summons in the Federal district court proceeding and did not participate in that litigation.

Our review of the Federal district court's memorandum decisions indicates that the Federal district court determined that it could enter judgment against Morey Fish Company, because that corporate entity was, as a practical matter, the functional equivalent of the named defendant in the Federal district court's proceedings, *i.e.*, Morey's Fish House. Because we conclude that the Federal district court's de-

termination on this point is not subject to collateral attack and is entitled to full faith and credit in this State, we affirm the trial court's dismissal of Morey Fish Company's complaint.

The pertinent facts of record are as follows. In June 1988, Rymer Foods filed suit in the United States District Court for the Northern District of Illinois against W.J.F. International, Inc., and against William J. Frank and Stephen W. Frank, doing business as Morey's Fish House. The suit sought damages for breach of contract, *inter alia*, relating to the sale of fish products by Rymer Foods to the named defendants, W.J.F. International and William and Stephen Frank, d/b/a Morey's Fish House.

Following a bench trial, the Federal district court entered judgment against Morey's Fish House and in favor of Rymer Foods. (*Rymer Foods, Inc. v. W.J.F. International, Inc.* (N.D. Ill. Jan. 14, 1991), No. 88—C—5082 (memorandum opinion and order).) In its memorandum opinion, the court found that both Rymer Foods and W.J.F. International are engaged in the business of distributing, importing and selling various seafood products, and that *"[d]efendant Morey's Fish Company* *** processes, exports and sells seafood products."* (Emphasis added.) (Mem. op. at 2-3.) According to the Federal district court's decision, William Frank is the president of "Morey's Fish Company," while Stephen Frank serves as vice-president and also handles sales. (Mem. op. at 3.) The Federal district court also found that both William and Stephen Frank, as well as Mr. and Mrs. Loren Morey, are shareholders of "Morey's Fish House." (Mem. op. at 12.) William, Stephen and Gregory Frank are shareholders of W.J.F. International; William is president, and Stephen vice-president, of W.J.F. International. Mem. op. at 12.

The Federal district court made specific factual findings, not pertinent here, regarding various business transactions during 1986, 1987, and 1988 that pertained to orders to purchase fish products. (Mem. op. at 3-8.) With respect to orders placed in March 1988, the court observed:

"9. The court notes that the March 1988 purchases which are also in dispute occurred while an April 1987 consent decree was in effect. In that decree Bailin [the vice-president in charge of sales at Rymer Foods] agreed that he would not contact or solicit business from W.J.F., a customer of his former employer ***. Stephen Frank had received a copy of the injunction in the mail. In order to avoid problems with the injunction, Bailin and Frank decided to bill the five invoices for the [March 1988] purchases to Morey's Fish House. The testimony indicated that it

was clearly understood by both Bailin and Frank that the purchases were made by Morey's on behalf of W.J.F.; William Frank also understood that the fish was sold to W.J.F., but billed to Morey's Fish House." Mem. op. at 11.

The court further determined that Rymer Foods had established that the defendants had breached their contract to purchase the fish for which orders had been filled by Rymer Foods. (Mem. op. at 19-20.) The court explicitly found "the corporate entity Morey's Fish House liable for the breach." (Mem. op. at 20.) The court then stated:

"The court specifically finds that the argument that Morey's Fish House is not a proper party to this suit is unpersuasive. Morey's was the entity that actually bargained for and contracted for the fish in the March and April of 1988 orders, and is therefore liable for its failure to pay for those orders. The court further notes that it cannot find corporate officers Stephen Frank and William Frank, or sister corporation W.J.F., liable for Morey's breach of contract without piercing the corporate veil, an action which the court feels would be inappropriate without hearing argument on this point by the parties." Mem. op. at 20.

On March 29, 1991, the Federal district court modified its prior decision and entered judgment against Morey Fish Company. The Federal district court noted and rejected the claim of the defendants, William and Stephen Frank, that judgment should not be entered against Morey Fish Company. Specifically, the Federal district court reasoned as follows:

"[O]n January 14, 1991, this court entered judgment against Morey's Fish House, and in favor of the plaintiff. On August 11, 1989, pursuant to Fed. R. Civ. P. 15(b), plaintiff filed a motion to amend its complaint to conform the pleadings to the evidence. In that motion the plaintiff requested that Morey Fish Co., the actual owners of Morey's Fish House, be held liable ***. The defendants object to the motion on the ground that 'Morey's Fish Co. was never named in the complaint, and was never served with a summons,' and that 'plaintiff took no action to join Morey Fish Co. as a defendant.'

The court finds that defendant's objections are without merit. Under Rule 15(a) of the Federal Rules of Civil Procedure, the court is directed to grant leave to amend freely 'where justice so requires,' and the courts have consistently applied this liberal standard. [Citations.]

In the instant case, the court finds that leave to amend should be granted because throughout discovery, and the trial of this case, the parties recognized that the issue of Morey Fish Company's liability was a crucial element in this case, which had to be resolved by the court. (*See e.g.*, Final Pre-Trial Order, Defendant's Findings of Fact and Conclusions of Law).

Further, the court notes that the case was ultimately ruled on with the implicit understanding that Morey Fish Company was a proper defendant in this action. However, the court did not explicitly rule on the motion to amend the complaint when it issued the memorandum opinion and order. The court now grants plaintiff's motion to amend pursuant to Fed. R. Civ. P. 15(b) and 15(c). In addition to granting the motion to amend, the court finds that Morey Fish Company, the actual owners [*sic*] of Morey's Fish House will be held liable ***.

The facts establishing liability are as follows: Morey's Fish House is a trademark, which is owned by Morey Fish Company. Morey Fish Company conducts retail sales through two Morey Fish Company store facilities, each of which has a sign outside the store for 'Morey's Fish House.' The court finds that in purchasing the cod fish order from Rymer, Morey Fish Company the actual owner of the trademark 'Morey's Fish House', was doing business as Morey's Fish House. Of course, a trademark cannot do business on its own behalf; the owner of the trademark, however, can carry out business under the trademark name. The court's memorandum opinion and order will be modified to reflect these rulings." Mod. mem. op. at 2-3.

In addition, the Federal district court rejected Rymer Foods' argument that judgment should have been entered against W.J.F. International as well as Morey Fish Company. (Mod. mem. op. at 4-5.) The district court also rejected Rymer Foods' request to modify the judgment so that it would hold liable "Stephen Frank and William Frank, doing business as Morey's Fish House and/or Company, and W.J.F. International, Inc., jointly and severally." (Mod. mem. op. at 5, 5-8.) On these bases, the Federal district court modified its prior decision and entered judgment against Morey Fish Company, doing business as Morey's Fish House. (Mod. mem. op. at 8-9.) It is undisputed that Morey Fish Company filed no motion for reconsideration of, nor an appeal from, the Federal district court's modified judgment.

Following the Federal district court's entry of this modified judgment, Morey Fish Company filed suit for temporary and permanent injunctive relief in the circuit court of Cook County. Morey Fish Com-

pany sought to enjoin enforcement of the Federal district court judgment on the ground that the Federal district court never had personal jurisdiction over it and that as a result the judgment was void as against Morey Fish Company.

In response to Morey Fish Company's complaint for injunctive relief, Rymer Foods filed a motion to dismiss based upon affirmative matter. (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(9).) Referring to certified copies of the Federal district court's memorandum opinions, which Rymer Foods included in its motion to dismiss, Rymer Foods claimed that the Federal district court judgment was not void for lack of personal jurisdiction over Morey Fish Company. Morey Fish Company filed a cross-motion for summary judgment with respect to its complaint. Following briefing and argument, the trial court in the circuit court of Cook County allowed the motion to dismiss filed by Rymer Foods and dismissed the complaint of Morey Fish Company. This appeal followed.

Upon review, Morey Fish Company argues that the record does not establish that the Federal district court had personal jurisdiction over it when the court's modified judgment was entered. On this basis, Morey Fish Company claims that Rymer Foods should be enjoined from enforcing the Federal district court's judgment in this State.

The question of whether a judgment rendered in a jurisdiction other than the State of Illinois should be enforced in this State is usually governed by the Uniform Enforcement of Foreign Judgments Act (Act) (Ill. Rev. Stat. 1991, ch. 110, par. 12—627 et seq.). Under the Act, the ultimate inquiry is whether the foreign judgment should be accorded full faith and credit in this State. (*Paine, Webber, Jackson & Curtis, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 89, 468 N.E.2d 459.) Traditionally, a foreign judgment is given full faith and credit, unless the judgment was either procured through extrinsic fraud or was rendered in the absence of *in personam* or subject matter jurisdiction. (*Falcon v. Faulkner* (1991), 209 Ill. App. 3d 1, 13, 567 N.E.2d 686.) This is in accord with the general rule that a judgment rendered by a court that does not have jurisdiction over the party may be attacked at any time or in any court, either directly or collaterally. *State Bank v. Thill* (1986), 113 Ill. 2d 294, 309, 497 N.E.2d 1156.

In determining whether the foreign judgment should be accorded full faith and credit, there is a strong legal presumption that the foreign court did have jurisdiction over the person against whom the court's judgment was entered. (*Evans v. Advance Schools, Inc.* (1979), 70 Ill. App. 3d 947, 950-51, 388 N.E.2d 1003.) This is so because, as a general rule, each court has the power to determine its

own jurisdiction over the subject matter and the persons before it, and the court's determination as to its own jurisdiction is not generally open to collateral attack. (See, *e.g., Roth v. Northern Assurance Co.* (1964), 32 Ill. 2d 40, 45, 203 N.E.2d 415.) Where the record is silent as to the court's determination of its own jurisdiction, the presumption favoring personal jurisdiction will be overcome only by an affirmative showing in the record that the court lacked such jurisdiction. (*Paine, Webber,* 127 Ill. App. 3d at 90; *Evans,* 70 Ill. App. 3d at 951.) Where the foreign court has considered and rejected the claim that it lacked personal jurisdiction over the defendant, the court's determination is usually *res judicata* as to that issue and is no longer open to collateral attack. *Hays v. Louisiana Dock Co.* (1983), 117 Ill. App. 3d 512, 518, 452 N.E.2d 1383; see also *Kansas City Southern Ry. Co. v. Great Lakes Carbon Corp.* (8th Cir. 1980), 624 F.2d 822, 825.

■ Morey Fish Company argues that the Federal district court's judgment was obtained without personal jurisdiction over it because Morey Fish Company was never given notice that its rights were to be adjudicated in the Federal litigation instituted by Rymer Foods. It has been held that the "[f]ailure to give notice violates 'the most rudimentary demands of due process of law.' " (*Peralta v. Heights Medical Center, Inc.* (1988), 485 U.S. 80, 84, 99 L. Ed. 2d 75, 81, 108 S. Ct. 896, 899, quoting *Armstrong v. Manzo* (1965), 380 U.S. 545, 550, 14 L. Ed. 2d 62, 65, 85 S. Ct. 1187, 1190; see also *Martin v. Wilks* (1989), 490 U.S. 755, 761-62, 104 L. Ed. 2d 835, 844-45, 109 S. Ct. 2180, 2184-85.) Generally, adequate constitutional notice conferring a court's jurisdiction over the person is obtained by service of process, whether by summons or by publication and mailing. (*State Bank,* 113 Ill. 2d at 308.) Jurisdiction over the person may also be obtained where the party, although not served, nevertheless participates in the court's proceedings; such participation constitutes a submission to the court's jurisdiction and waives the right to later contest the court's personal jurisdiction over the party. See, *e.g., In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 535 N.E.2d 818.

■ Morey Fish Company contends that it was never served with process and did not voluntarily appear in the Federal district court's proceedings. However, it has been recognized that "[w]here one corporation so controls another corporation that, as a practical matter, the two entities function as one, service of one corporation is effective as to both." *Bally Export Corp. v. Balicar, Ltd.* (7th Cir. 1986), 804 F.2d 398, 405, citing *I.A.M. National Pension Fund v. Wakefield Industries, Inc.* (D.C. Cir. 1983), 699 F.2d 1254, 1259.

■ Morey Fish Company does not claim that service of process was never effected upon the named defendants in the Federal district court's litigation, *i.e.*, William Frank and Stephen Frank, d/b/a Morey's Fish House. Consequently, we assume for the purpose of analysis herein that such service of process was properly had upon those named defendants. Based upon our review of the Federal district court's modified memorandum opinion of March 29, 1991, we conclude that the Federal district court determined that it had jurisdiction to enter judgment against Morey Fish Company, because that corporate entity was, as a practical matter, the functional equivalent of Morey's Fish House. As a result, service of process upon Morey's Fish House constituted service of summons upon Morey Fish Company, and the Federal district court had *in personam* jurisdiction over Morey Fish Company.

We note that in its modified memorandum opinion, the Federal district court specifically noted and rejected the argument that modification of its judgment was improper on the theory that Morey Fish Company had not been named in the complaint, served with summons, or joined in the proceedings. In reaching this conclusion, the Federal district court observed that Morey's Fish House was a trademark, owned by Morey Fish Company, and that Morey Fish Company conducted its retail business through stores bearing the name Morey's Fish House. The court noted that although a trademark cannot do business on its own behalf, the owner of the trademark can carry out business under the trademark name. The court determined that Morey Fish Company, as the actual owner of the trademark Morey's Fish House, was doing business as Morey's Fish House when it purchased codfish from Rymer Foods. (Mod. mem. op. at 2-3.) The Federal district court further determined that the entry of judgment against Morey Fish Company would not unfairly surprise or prejudice Morey Fish Company's interests, noting that "throughout discovery, and the trial * * *, the parties recognized that the issue of Morey Fish Company's liability was a crucial element in this case, which had to be resolved by the court," and also observing that "the case was ultimately ruled on with the implicit understanding that Morey Fish Company was a proper defendant in this action." Mod. mem. op at 2.

Morey Fish Company argues that the legal interests of Morey's Fish House and Morey Fish Company in the Federal district court's proceedings were not closely aligned. Morey Fish Company notes that in its original motion to amend the Federal district court's judgment, Rymer Foods acknowledged that it had no business dealings with Morey Fish Company, but dealt instead with Morey's Fish House. How-

ever, the question of whether the Federal district court's ruling was accurate under Federal jurisprudence is not properly considered in this State court action. "While a court of one State may constitutionally inquire into the jurisdictional basis of a foreign court's judgment, full faith and credit must be extended to that judgment when the inquiry discloses that the issue of jurisdiction has been litigated and decided in the rendering court. [Citations.]" *Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 251, 364 N.E.2d 926; see also *E T A Trust v. Recht* (1991), 214 Ill. App. 3d 827, 835, 574 N.E.2d 4.

We note that the Federal district court's decision was susceptible to direct review in the Federal courts and that Morey Fish Company could have adequately preserved its interests in the litigation had Morey Fish Company filed an appeal from the Federal district court's decision. Morey Fish Company did not seek such review, however. In our opinion, Morey Fish Company's "unwillingness to participate as a party in the [Federal district court] action should not now be the key to [its] success in avoiding registration of the foreign judgment in Illinois." *E T A Trust*, 214 Ill. App. 3d at 836.

We further observe that the decisions upon which Morey Fish Company relies are inapposite to the case at bar, as in neither cause did the court find that the defendant business entity was sued under its trademark name that was, as a practical matter, the functional equivalent of the defendant business entity. See *Zenith Radio Corp. v. Hazeltine Research, Inc.* (1969), 395 U.S. 100, 23 L. Ed. 2d 129, 89 S. Ct. 1562 (parent corporation not bound by stipulation of subsidiary corporation to the effect that court had personal jurisdiction over parent corporation, where parent corporation not found to be alter ego of subsidiary corporation); *Hoppa v. Schermerhorn* (1989), 192 Ill. App. 3d 832, 549 N.E.2d 667 (successor corporation not bound by default judgment entered against predecessor corporation that was dissolved during pendency of proceedings in which default judgment was entered).

For these reasons, the order of the circuit court of Cook County is affirmed.

Affirmed.

LINN, J., concurs.

PRESIDING JUSTICE JIGANTI, dissenting:
Jurisdiction is the issue. Morey Fish Company is a Minnesota corporation. It was never named a party to the Federal court action, ei-

ther before or after the trial. Morey Fish Company contends that it has an absolute defense and that it has not had an opportunity to be heard. Because the only issue before us concerns jurisdiction, I will not discuss the many facts, however interesting, that do not bear on that issue.

The underlying lawsuit was filed in the United States District Court in the Northern District of Illinois on June 13, 1988, by Rymer Foods, Inc., against W.J.F. International, Inc., William J. Frank and Stephen W. Frank, d/b/a Morey's Fish House. W.J.F. is owned by William Frank, Stephen Frank and Gregory Frank. William Frank's affidavit stated that he was president and chief executive officer of Morey Fish Company. He attended the trial and was called as an adverse witness and also testified as a witness for W.J.F. According to the affidavit, William Frank had no idea that Rymer would seek a judgment against Morey Fish Company. Morey Fish Company has an absolute defense.

Stephen Frank's affidavit stated that he is the president of W.J.F., which is totally independent from Morey Fish Company. Loren Morey's affidavit stated that he is the chairman of the board and a shareholder of Morey Fish Company. The other shareholders are Kathryn Morey, William Frank and Stephen Frank. Loren Morey holds no office and no stock of W.J.F. The business of W.J.F. and Morey Fish Company are separate and distinct businesses.

At the conclusion of the trial in the United States District Court, a judgment was entered in favor of Rymer and against Morey's Fish House. A judgment was also entered in favor of W.J.F., William Frank and Stephen Frank. Rymer moved to amend the judgment requesting that the district court enter a judgment against the individuals and also, most significantly for our appeal here, asking for judgment to be entered in favor of "Morey's Fish House and/or Co."

The district court did amend the judgment by naming Morey Fish Company, but did not accede to the request concerning the other defendants. In doing so, the court noted Rule 15(a) of the Federal Rules of Civil Procedure that directs courts to amend freely "where justice requires." The court stated that the "parties recognized that the issue of Morey Fish Company was a crucial element" and that there was an "implicit understanding" that Morey Fish Company was a proper defendant.

I believe the majority's statement of the law in citing *Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 251, 364 N.E.2d 926, states the law of this case. There the court says that full faith and credit must be extended to a judgment where inquiry discloses that

the issue of jurisdiction has been litigated and decided in the rendering court. For that proposition *Brownlee* cites the United States Supreme Court case of *Baldwin v. Iowa State Traveling Men's Association* (1931), 283 U.S. 522, 75 L. Ed. 1244, 51 S. Ct. 517. In *Baldwin* the respondent in the United States District Court of Western Missouri appeared specially and moved to quash and dismiss for want of service. After a hearing on the motion, the motion was denied and leave was given to the respondent to plead within 30 days. The respondent did not do so and a judgment was entered for the petitioner and against the respondent in the amount claimed. Subsequently, there was an action in the district court for Southern Iowa on the judgment and a ruling in favor of the petitioner. The defense of the petitioner in Iowa was the same as in Missouri, that is lack of jurisdiction. The defense was that the respondent was an Iowa corporation and that it was never present in Missouri. In the United States District Court in Iowa, the petitioner asserted that this was a collateral attack and a retrial of an issue settled in the first suit.

The *Baldwin* court commented that the special appearance of the respondent in Missouri showed that it entered the Missouri court for the very purpose of litigating the question of jurisdiction over its person. It noted that it had an election not to appear at all, and if in fact it had not done so and the court had proceeded to judgment, the respondent could have raised and tried the issue in this present action because it would never have had its day in court with respect to jurisdiction. The *Baldwin* court explained its rationale as follows:

> "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause." *Baldwin v. Iowa State Traveling Men's Association* (1931), 283 U.S. 522, 525-26, 75 L. Ed. 1244, 1247, 51 S. Ct. 517, 518.

Applying the law to the facts of this case, I come to the conclusion that the question of jurisdiction has not been litigated in the United States District Court. Morey Fish Company has never had an opportunity to voluntarily appear, present its case and be fully heard. Morey Fish Company to this day has never been made a party to the lawsuit in that court, nor has it ever been heard on any defenses it

has to that lawsuit. The fact that two officers of Morey Fish Company were parties to the lawsuit does not militate against that finding. Those two shareholders were also shareholders of a named defendant, W.J.F. International. The fact that the rules concerning amendments are to be liberally applied does not mean that notice and service of process on a party may be disregarded. The district court's comments that "the parties recognized" that Morey Fish Company's liability was crucial and that there was an "implicit understanding" that Morey Fish Company was a proper defendant in this action is a bootstrap argument and begs the question. The "parties" to whom the United States District Court referred as having recognized the issue and had the implicit understanding did not include the plaintiff's corporation in the instant lawsuit, Morey Fish Company. Before it can be said that a court has considered its jurisdiction, the party contesting jurisdiction must be brought before the court by process.

This matter comes here on a motion to dismiss pursuant to the Illinois Code of Civil Procedure, sections 2—601(a)(1) and (a)(9), asserting that the circuit court of Cook County has no jurisdiction. I believe that the circuit court did indeed have jurisdiction and that the dismissal should be reversed.