(No. 75042

MOREY FISH COMPANY, Appellant, v. RYMER FOODS, INC., Appellee.

*Opinion filed February 3, 1994.*

McMORROW, J., took no part.

Wayne G. Popham and Bryan J. Leary, of Popham, Haik, Schnobrich & Kaufman, Ltd., of Minneapolis, Minnesota, and Michael T. Hannafan and William E. Blais, of Michael T. Hannafan & Associates, Ltd., of Chicago, for appellant.

Scott E. Tuckman, of Kwiatt & Silverman, Ltd., of Chicago, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Morey Fish Company, appeals from the dismissal of its complaint for injunctive relief against defendant, Rymer Foods, Inc. Morey Fish Company had attempted, by collateral attack in the circuit court of Cook County, to enjoin enforcement of a Federal district court judgment that had been entered against it and in favor of Rymer Foods. The appellate court, with one justice dissenting, rejected Morey Fish Company's argument that the Federal district court's judgment was void for lack of personal jurisdiction, and held that the jurisdictional issue was not subject to collateral attack because the Federal court's determination on this point was entitled to full faith and credit in this State. (240 Ill. App. 3d 61.) We reverse.

The pertinent facts of record are as follows. In June 1988, Rymer Foods filed suit in the United States District Court for the Northern District of Illinois against W.J.F. International, Inc., and against William

J. Frank and Stephen W. Frank, doing business as Morey's Fish House. The suit sought damages for, *inter alia*, breach of contract relating to the sale of fish products by Rymer Foods to the named defendants.

William, Stephen and Gregory Frank are shareholders of W.J.F. International. The shareholders of Morey Fish Company are Loren Morey, Kathryn Morey, Stephen Frank, and William Frank, the company's president. W.J.F. International and Morey Fish Company are separate and distinct businesses which do not compete. Morey's Fish House is a trademark which is owned by Morey Fish Company, and is the name given to retail stores through which Morey Fish Company conducts seafood sales.

Following a bench trial, the Federal district court entered judgment against Morey's Fish House and in favor of Rymer Foods. (*Rymer Foods, Inc. v. W.J.F. International, Inc.* (N.D. Ill. January 14, 1991), No. 88—C—5082.) The court made specific factual findings, not relevant here, regarding various business transactions during 1986, 1987, and 1988 that pertained to orders placed by W.J.F. International to purchase fish products from Rymer Foods. However, with respect to orders placed in March 1988, the court observed:

> "9. The court notes that the March 1988 purchases which are also in dispute occurred while an April 1987 consent decree was in effect. In that decree Bailin [the vice-president in charge of sales at Rymer Foods] agreed that he would not contact or solicit business from W.J.F., a customer of his former employer ***. Stephen Frank had received a copy of the injunction in the mail. In order to avoid problems with the injunction, Bailin and Frank decided to bill the five invoices for the [March 1988] purchases to Morey's Fish House. The testimony indicated that it was clearly understood by both Bailin and Frank that the purchases were made by Morey's on behalf of W.J.F.; William Frank also understood that the fish was sold to W.J.F., but billed to Morey's Fish House."

The court further determined that Rymer Foods had established that W.J.F. International and Morey's Fish House had breached their contract to purchase the fish ordered in 1988, stating, "[I]t is not disputed that the goods were delivered, that all the terms of the contract were honored and that W.J.F. failed to pay." Nevertheless, the court explicitly found "the corporate entity Morey's Fish House liable for the breach," reasoning that "Morey's was the entity that actually bargained for and contracted for the fish *** and is therefore liable for its failure to pay for those orders." Judgment was entered in favor of W.J.F. International, William Frank and Stephen Frank.

On January 17, 1991, Rymer Foods filed a motion for modification of the memorandum opinion and order, which stated that "[t]he judgment entered by this Court should have been entered against Morey's Fish Company doing business as Morey's Fish House," and requested that the court's order be modified to enter judgment against "Morey's Fish Company." This motion referred to Rymer Foods' August 11, 1989, motion to amend plaintiff's complaint to conform the pleadings to the evidence, pursuant to Federal Rules of Civil Procedure 15(b) (Fed. R. Civ. P. 15(b)). In the motion to amend, Rymer Foods requested that Morey Fish Company, the actual owners of Morey's Fish House, be held liable under count I, the breach of contract claim, and that the pleadings be amended and the proper parties joined. However, no amended complaint was attached to the motion specifying the basis for the claims against Morey Fish Company, and the motion was never ruled upon.

On or about February 12, 1991, Rymer Foods withdrew its January 17, 1991, motion for modification and filed an amended motion for modification of the court's memorandum opinion and order. In this motion, Rymer Foods requested that the Federal district court modify the judgment entered under count I, stating:

"The judgment entered by this Court should have been entered against Stephen Frank and William Frank doing business as Morey's Fish House and W.J.F. International, Inc. Plaintiff never dealt with Morey Fish Co., the purported owner of Morey's Fish House. It is clear from the evidence and testimony before this Court that Stephen Frank or W.J.F. International, Inc., were the actual purchasers of the subject goods.

\* \* \*

Stephen Frank purchased the subject fish while acting in the capacity of an agent and officer of Defendant W.J.F. International. Defendant Stephen Frank never identified Morey Fish Co. as a purchaser. Either he must be deemed an agent of W.J.F. International, Inc. or the actual purchaser of the goods."

On March 29, 1991, the Federal district court issued a second memorandum opinion and order. (*Rymer Foods, Inc. v. W.J.F. International, Inc.* (N.D. Ill. April 1, 1991), No. 88—C—5082.) The court again ruled that judgment should be entered in favor of defendants W.J.F. International, William Frank and Stephen Frank, but modified its order to enter judgment against "Morey Fish Company, doing business as Morey [*sic*] Fish House." The court noted that the defendants objected to this amendment on the ground that Morey Fish Company was never named in the complaint and never served with a summons, and that Rymer Foods took no action to join Morey Fish Company as a defendant. The court found these objections to be without merit, noting that Rule 15(a) of the Federal Rules of Civil Procedure directs courts to amend freely " '[when] justice so requires.' "

The Federal district court further found that throughout discovery and trial, "the parties recognized that the issue of Morey Fish Company's liability was a crucial element in this case, which had to be resolved by the court," and stated that "the case was ultimately ruled on with the implicit understanding that Morey

Fish Company was a proper defendant in this action." The court then held:

"Morey Fish Company, the actual owners of Morey's Fish House will be held liable under Count I of the complaint.

The facts establishing liability are as follows: Morey's Fish House is a trademark, which is owned by Morey Fish Company. Morey Fish Company conducts retail sales through two Morey Fish Company store facilities, each of which has a sign outside the store for 'Morey's Fish House.' The court finds that in purchasing the cod fish order from Rymer, Morey Fish Company the actual owner of the trademark 'Morey's Fish House', was doing business as Morey's Fish House. Of course, a trademark cannot do business on its own behalf; the owner of the trademark, however, can carry out business under the trademark name. The court's memorandum opinion and order will be modified to reflect these rulings."

In granting Rymer Foods' motion under Rule 15(b) to amend its complaint to conform the pleadings to the evidence, the court did not amend the caption to indicate that Morey Fish Company was a party to the action, nor did it order the service of a summons and complaint upon Morey Fish Company.

Morey Fish Company did not file a motion for reconsideration or an appeal from the Federal district court's modified memorandum opinion and order. Instead, Morey Fish Company filed an action in the circuit court of Cook County to enjoin enforcement of the Federal district court judgment. The circuit court dismissed the complaint for injunctive relief and Morey Fish Company appealed.

On review, the appellate court found that the Federal district court had determined that it had jurisdiction to enter judgment against Morey Fish Company, "because that corporate entity was, as a practical matter, the functional equivalent of Morey's Fish House." (240 Ill. App. 3d at 68.) The appellate court reasoned that service of process upon Morey's Fish

House constituted service of summons upon Morey Fish Company such that the Federal district court had *in personam* jurisdiction over Morey Fish Company. The court therefore held that the question of whether the Federal court's ruling on the issue of jurisdiction was "accurate" was not properly considered in a State court action because: " 'While a court of one State may constitutionally inquire into the jurisdictional basis of a foreign court's judgment, full faith and credit must be extended to that judgment when the inquiry discloses that the issue of jurisdiction has been litigated and decided in the rendering court.' " 240 Ill. App. 3d at 68-69, quoting *Brownlee v. Western Chain Co.* (1977), 49 Ill. App. 3d 247, 251.

We agree with the appellate court that *Brownlee* accurately states the law of this case. However, we reverse because, applying the law to the facts herein, we find that the question of jurisdiction had not been litigated in the Federal district court.

The validity of an order of a Federal court depends upon that court's having jurisdiction over both the subject matter and the parties. (*Insurance Corp. of Ireland, Ltd. v. Compagnie Des Bauxites de Guinea* (1982), 456 U.S. 694, 701, 72 L. Ed. 2d 492, 500, 102 S. Ct. 2099, 2103.) If a lower Federal court has jurisdiction over the subject matter and the parties, its adjudication is the law of the case and its judgment is binding on all other courts, subject only to the appellate process. (*United States ex rel. Lawrence v. Woods* (7th Cir. 1970), 432 F.2d 1072, 1076; see also *Malone v. Cosentino* (1983), 99 Ill. 2d 29, 32 (once a court with proper jurisdiction has entered a final judgment, that judgment can only be attacked on direct appeal).) However, a judgment rendered by a court which fails to acquire jurisdiction over either the parties or the subject matter of the litigation may be attacked and vacated at any time or in

any court, either directly or collaterally. *State Bank v. Thill* (1986), 113 Ill. 2d 294, 309; see also *In re Marriage of Verdung* (1989), 126 Ill. 2d 542, 547.

In the instant case, the appellate court held that under *Brownlee*, once a court of this State had determined that the issue of jurisdiction had been litigated and decided by a foreign court, its judgment was entitled to full faith and credit in this State. (240 Ill. App. 3d at 69.) In *Brownlee*, the appellate court correctly determined that the doctrine of *res judicata* barred the defendant from collaterally attacking a Mississippi judgment in this State because the defendant had filed a special and limited appearance in the Mississippi court and a motion to vacate the default judgment on the grounds of lack of notice and lack of jurisdiction. The Mississippi trial court denied defendant's motion and the Mississippi Supreme Court affirmed. It was only at this point that the defendant in *Brownlee* chose to collaterally attack the jurisdictional basis of the Mississippi judgment in the Illinois enforcement proceeding. (*Brownlee*, 49 Ill. App. 3d at 250-51.) Here, contrastingly, Morey Fish Company has never been made a party to a lawsuit in the Federal district court, nor has it ever voluntarily appeared so that the question of jurisdiction over its person could be litigated. It is essential that a defendant whose personal jurisdiction a foreign court seeks to determine actually be afforded the opportunity to appear, present its case and be heard.

In *Baldwin v. Iowa State Traveling Men's Association* (1931), 283 U.S. 522, 75 L. Ed. 1244, 51 S. Ct. 517, the case relied upon by the court in *Brownlee*, the respondent appeared specially in the United States District Court for Western Missouri and moved to quash and dismiss the suit for want of service. After a hearing, the motion was denied and leave was given to the respondent to plead within 30 days. No plea having been

filed within that period, the cause proceeded, and judgment was entered for the petitioner and against the respondent in the amount claimed. Subsequently, there was an action on the judgment in the district court for southern Iowa. The respondent's defense in the Iowa court was lack of personal jurisdiction in the Missouri court which entered the judgment. The respondent claimed that it was an Iowa corporation, that it was never present in Missouri, and that the person served with process in the latter State was not such an agent that service on him constituted a service on the corporation. The petitioner argued that this defense constituted a collateral attack and a retrial of an issue settled in the first suit. The Iowa district court sustained the respondent's defense and dismissed the action, and the United States Circuit Court of Appeals for the Eighth Circuit affirmed.

In reversing the Federal appeals court, the Supreme Court in *Baldwin* reasoned as follows:

"The substantial matter for determination is whether the judgment amounts to *res judicata* on the question of the jurisdiction of the court which rendered it over the person of the respondent. It is of no moment that the appearance was a special one expressly saving any submission to such jurisdiction. *** The special appearance gives point to the fact that the respondent entered the Missouri court for the very purpose of litigating the question of jurisdiction over its person. It had the election not to appear at all. *If, in the absence of appearance, the court had proceeded to judgment,* and the present suit had been brought thereon, *respondent could have raised and tried out the issue in the present action, because it would never have had its day in court with respect to jurisdiction.* [Citations.] It had also the right to appeal from the decision of the Missouri District Court ***. It elected to follow neither of these courses, but, after having been defeated upon full hearing in its contention as to jurisdiction, it took no further steps, and the judgment in question resulted.

Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest; and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause." (Emphasis added.) *Baldwin*, 283 U.S. at 524-26, 75 L. Ed. at 1247, 51 S. Ct. at 517-18.

See also *Insurance Corp.*, 456 U.S. at 706, 72 L. Ed. 2d at 504, 102 S. Ct. at 2106.

Under *Baldwin*, it is clear that a defendant who has never submitted to the jurisdiction of the court for the limited purpose of challenging jurisdiction need not abide by that court's determination on the issue. A court which does not have jurisdiction over a party may not create that jurisdiction by judicial fiat. Therefore here, because Morey Fish Company was an unnamed party who was never served and who never appeared in the Federal district court proceedings, but whose rights were directly adjudicated therein, it "had the election" to attack the judgment either directly or collaterally as void for failure to obtain *in personam* jurisdiction.

Further, the fact that two shareholders of Morey Fish Company were parties to the Federal lawsuit does not militate against the finding that jurisdiction had not been litigated in that court. Those two shareholders, William and Stephen Frank, were also shareholders of a named defendant, W.J.F. International. As Justice Jiganti so aptly stated in his dissent from the appellate court opinion:

"The fact that the [Federal] rules concerning amendments are to be liberally applied does not mean that notice and service of process on a party may be disregarded. The district court's comments that 'the parties recognized' that Morey Fish Company's liability was crucial and that

there was an 'implicit understanding' that Morey Fish Company was a proper defendant in this action is a bootstrap argument and begs the question. The 'parties' to whom the United States District Court referred as having recognized the issue and had the implicit understanding did not include the plaintiff's corporation in the instant lawsuit, Morey Fish Company. Before it can be said that a court has considered its jurisdiction, the party contesting jurisdiction must be brought before the court by process." 240 Ill. App. 3d at 72 (Jiganti, P.J., dissenting).

In conclusion, we believe the circuit court of Cook County had jurisdiction to consider Morey Fish Company's complaint for injunctive relief and that it was therefore error to grant Rymer Foods' motion to dismiss. Further, where we have found that the Federal district court never established personal jurisdiction over Morey Fish Company, the judgment against it is void regardless of whether Morey Fish Company had actual knowledge of the proceedings. (See *State Bank*, 113 Ill. 2d at 308.) Accordingly, the judgments of the appellate and circuit courts are reversed and the cause is remanded to the circuit court of Cook County for entry of summary judgment permanently enjoining defendant Rymer Foods from enforcing the judgment entered by the United States District Court for the Northern District of Illinois.

*Judgments reversed;*
*cause remanded with directions .*


JUSTICE McMORROW took no part in the consideration or decision of this case.