2020 IL App (1st) 190270-U

THIRD DIVISION
May 20, 2020

No. 1-19-0270

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| SUBURBAN PRESS, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 L 6013 |
| | ) | |
| JAMES GHERARDINI, BRET HOOGHKIRK, | ) | |
| KEN MALCHOW, and STATE GRAPHICS, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | Honorable |
| (Michael Chatman, as Assignee for Suburban Press, Inc., | ) | Daniel J. Kubasiak, |
| Plaintiff-Appellee). | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Cobbs concurred in the judgment.

ORDER

¶ 1   *Held*:   The Judgment of the circuit court of Cook County is affirmed, plaintiff, Suburban Press, Inc., waived its arguments for reversal of the trial court's orders on appeal by failing to raise them until it filed a motion for reconsideration.  We grant Michael Chatman's Motion for Sanctions pursuant to Supreme Court Rule 375 because the appeal is not well grounded in fact or warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law.

¶ 2   Plaintiff, Suburban Press, Inc. (Suburban Press), appeals the trial court's November 19, 2018 order granting Michael Chatman's (Chatman) motion to be substituted as plaintiff in place of Suburban Press.  Suburban Press did not contest the substitution until the filing of its motion

to reconsider which was denied by the trial court. For the reasons set forth below, we affirm the trial court's November 19, 2018 order. We also grant Michael Chatman's request for sanctions pursuant to Supreme Court Rule 375(b) (Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994)) filed in this appeal finding Suburban Press' appeal to be frivolous. Accordingly, we award Chatman his reasonable attorney fees and costs incurred in the defense of this appeal jointly and severally against Suburban Press and its appellate attorney as determined by the trial court on remand and following an evidentiary hearing.

¶ 3                                BACKGROUND

¶ 4     Plaintiff, Suburban Press, filed suit in the Circuit Court of Cook County against defendants, James Gherardini, Bret Hooghkirk, Ken Malchow, and State Graphics (defendants) alleging, among other things, civil conspiracy, breach of contract, breach of fiduciary duty, and violation of the Illinois Trade Secrets Act (Circuit Court Action).

¶ 5     On January 17, 2018, a judgment was entered in the District Court for the Northern District of Illinois (District Court Action) in favor of Chatman and against Suburban Press in the amount of $6,473.12. Thereafter, Chatman commenced supplementary citation proceedings to discover assets of Suburban Press. During the citation proceedings, Chatman learned of Suburban Press' Circuit Court Action and filed a motion in the District Court Action seeking turnover and assignment of Suburban Press' interest in that Circuit Court Action.

¶ 6     On September 28, 2018, an order was entered in the District Court Action granting Chatman's motion (District Court Assignment Order) and assigning to Chatman Suburban Press' cause of action pending in the Circuit Court. The District Court Assignment Order made findings that Suburban Press was properly served with a citation, was properly noticed for

Chatman's motion seeking turn-over and assignment of the Circuit Court Action, and that Suburban Press failed to appeal and contest the motion.

¶ 7    Following the entry of the District Court Assignment Order, on October 2, 2018, Chatman filed a motion (Motion) in the Circuit Court Action pursuant to section 2-1008(a) of the Illinois Code of Civil Procedure (Code) (735 ILC 5/2-1008(a) (West 2018)) requesting he be substituted as the plaintiff arguing that he was the proper party in interest based on the Federal Case Assignment Order.

¶ 8    On October 15, 2018, the trial court entered an order continuing Chatman's Motion because Suburban Press was seeking additional time to contest the District Court Assignment Order."

¶ 9    On November 19, 2018, the trial court entered an order (Substitution Order) granting Chatman's Motion as follows:

> "This cause coming before the court on the continued motion of Michael Chatman to be substituted as plaintiff in place of Suburban Press pursuant to [the District Court Assignment Order] entered in [the District Court Case], Suburban Press having not filed any petition seeking relief from the [District Court Assignment Order] and no objection having been filed in this court and the attorney for Suburban Press not being present when the continued motion was called, but appeared after the court call and the court being advised on the premises
>
> IT IS HEREBY ORDERED that
>
> Michael Chatman's Motion is Granted.  Chatman is hereby substituted in place of Suburban Press as the plaintiff in this action without change of caption."

¶ 10    On November 19, 2018, an agreed order was also entered dismissing the case "with prejudice pursuant to the settlement agreement between [Chatman and defendants] ***."

¶ 11    On December 18, 2018, Suburban Press filed a motion for reconsideration of the November 19, 2018 Substitution Order stating "Defendants allegedly paid Chatman $6,473.16 and this case was dismissed by settlement ***." (Motion to Reconsider). The Motion to Reconsider further alleged Suburban Press and Gary McGrath "experienced severe economic challenges over the past years and as a result is unable to properly contest the Federal Court matter and was unable to contest Chatman's Motion to Substitute as Plaintiff." Chatman's Motion to Reconsider sought to vacate the November 19, 2018 Substitution Order pursuant to section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2018)), based on "certain facts that the court should have known at the time it was making its decision."

¶ 12    In its Motion to Reconsider, Suburban Press (1) alleged "[i]t is unconstitutional and a violation of due process to allow Chatman to take over [Suburban Press'] case where he is seeking more than $250,000 for a minimal amount of $6,473.16, and, this action shocks one's conscience[;]" (2) argued Chatman's Motion was brought pursuant to section 2-1402 of the Code (Chatman's Motion was actually brought pursuant to section 2-1008(a) of the Code); and (3) challenged the validity of the District Court's Assignment Order assigning Chatman all rights, title and interest to Suburban Press' Circuit Court Action and permitting Chatman "full authority to litigate the [Circuit Court Complaint] in his own name and to settle and dismiss the action on any basis at his sole discretion[.]"

¶ 13    On January 9, 2019, the trial court denied Suburban Press' Motion for Reconsideration and Suburban Press timely appealed.

¶ 14    This appeal followed.

¶ 15                                    ANALYSIS

¶ 16                    Substitution of Chatman As Party In Interest

¶ 17    On appeal, Suburban Press states that he is challenging the November 19, 2018 Substitution Order which allowed Chatman to substitute as plaintiff.  The sole basis offered by Suburban Press on appeal for reversal of the November 19, 2018 Substitution Order is its contention that the assignment of its chose in action – the District Court Assignment Order – was improper because the relief provided by the federal court exceeded its authority under section 2-1402 of the Code (735 ILCS 5/2-1402 (West 2018)).

¶ 18    In response, Chatman argues, among other things, Suburban Press "never timely challenged either the [District Court Assignment] Order or the Circuit Court's Substitution Order" and thus these arguments were waived on appeal.  As explained below, we agree.

¶ 19    "The purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence which was not available at the time of the hearing, changes in the law or errors of the court's previous application to existing law." *Caywood v. Gossett*, 382 Ill. App. 3d 124, 133 (2008).  Issues cannot be raised for the first time on a motion to reconsider. *Id*. at 134. Furthermore, "arguments raised for the first time in a motion for reconsideration in the circuit court are waived on appeal." *Id*.

¶ 20    As Suburban Press acknowledged in its Motion to Reconsider, it did not contest either the Assignment Order in the District Court Action or Chatman's motion to substitute as plaintiff in the Circuit Court Action.  We further note that the trial court in the Circuit Court Action even continued its ruling on Chatman's Motion to allow Suburban Press an opportunity to challenge the District Court Assignment Order in the District Court.  However, Suburban Press, did not challenged the Assignment Order nor did it raise objection to Chatman's Motion prior to the trial

court's entry of the November 19, 2018 Substitution Order. Instead, Suburban Press' arguments raised on appeal were only presented for the first time in its Motion to Reconsider filed in the Circuit Court Action. Nothing in the record suggest that the trial court considered Suburban Press' newly raised arguments when it denied its Motion to Reconsider. Accordingly, Suburban Press' arguments raised on appeal here are waived. See *id.*

¶ 21    We note this appeal, like Suburban Press' Motion to Reconsider was a collateral attack of the District Court Assignment Order. A collateral attack on a judgment is an attempt to impeach that judgment in an action other than that in which it was rendered." (Internal quotations omitted.) *Apollo Real Estate Investment Fund, IV, L.P. v. Gelber*, 403 Ill. App. 3d 179, 189 (2010).

¶ 22    Where a lower Federal court has jurisdiction over the subject matter and the parties, its adjudication is the law of the case and its judgment is binding on all other courts, subject only the appellate process. *U.S. ex rel. Lawrence v. Woods*, 432 F. 2d 1072, 1076 (1970); see also *Malone v. Cosentino*, 99 Ill. 2d 29, 32 (1983) (stating "Once a court with proper jurisdiction has entered a final judgment, that judgment can only be attacked on direct appeal[.]"); see also *Morey Fish Co. v. Rymer Foods. Inc.*, 158 Ill. 2d 179, 186 (1994). However, "a judgment rendered by a court which fails to acquire jurisdiction of either the parties or the subject matter of the litigation may be attacked and vacated at any time or in any court, either directly or collaterally." *State Bank of Lake Zurich v. Thill*, 113 Ill. 3d 294, 309 (1986); see also *In re Marriage of Verdung*, 126 Ill. 2d 542, 547 (1989); see also *Morey Fish Co.*, 158 Ill. 2d at 186-87. While fraud in the procurement of the judgment is also subject to collateral attack, it is "only fraud which prevents a court from acquiring jurisdiction, as distinguished from fraud which

occurred after the court obtained jurisdiction" that would render a judgment void. *Apollo Real Estate Investment Fund, IV, L.P.*, 403 Ill. App. 3d at 189.

¶ 23    Suburban Press does not challenge the District Court's personal or subject matter jurisdiction nor does it allege fraud related to the District Court's acquisition of jurisdiction. Moreover, the record supports the District Court's jurisdiction. The District Court Assignment Order states that Suburban Press was properly served in the citation proceedings and was given proper notice of Chatman's motion seeking turn-over and assignment of Suburban Press' cause of action pending in the Circuit Court, but Suburban Press did not appear. Therefore, the District Court Assignment Order is binding on all other courts. See *Morey Fish Co.*, 158 Ill. 2d at 186-87.

¶ 24    Suburban Press acknowledged that it did not fight the District Court Assignment Order in the District Court Action and as its explanation for not acting cites financial difficulties. Additionally, there is no evidence of a lack of subject matter jurisdiction with respect to the judgment in favor of Chatman against Suburban Press obtained in the District Court or the citation proceedings subsequently commenced therein. As acknowledged by Suburban Press "[a] Federal Court Plaintiff may enforce a Federal Court judgment through Federal Rule of Civil Procedure 69 which provides for supplementary proceedings to enforce a money judgment ***" citing *International Ass'n. of Heat & Frost Insulators Local 17 Pension Fund v. Northwest Mechanical Insulation Co.*, No. 18-CV-3942, 2019 WL 1002607, at * 3-4 and Fed. R. Civ. P. 69.

¶ 25    Because the District Court had jurisdiction over the parties and the subject matter, the Assignment Order was immune from collateral attack. See *Morey Fish Co.*, 158 Ill. 2d at 186-87; see also *Apollo Real Estate Investment Fund, IV, L.P.*, 403 Ill. App. 3d at 189. Accordingly, Suburban Press' arguments on appeal fail.

¶ 26                                  Rule 375(b) Sanctions

¶ 27     In his brief Chatman argues that Suburban Press' appeal is frivolous.  Chatman also filed a motion for Rule 375(b) sanctions (Sanctions Motion) which we ordered be taken with the case. Chatman's Sanctions Motion seeks attorney fees and costs incurred by him in this appeal against Suburban Press and its appellate counsel, James J. Macchitelli (Macchitelli).  Suburban Press did not file a reply brief nor is there a response to Chatman's Sanctions Motion.

¶ 28     Supreme Court Rule 375(b) allows for sanctions for frivolous appeals and states as follows:

> "If, after consideration of an appeal or other action pursued in a reviewing court, it is determined that the appeal or other action itself is frivolous, *** an appropriate sanction may be imposed upon any party or the attorney or attorneys of the party or parties.  An appeal or other action will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. ***
>
> Appropriate sanctions for violation of this section may include an order to pay to the other party or parties damages, the reasonable costs of the appeal or other action, and any other expenses necessarily incurred by the filing of the appeal or other action, including reasonable attorney fees.
>
> A reviewing court may impose a sanction upon a party or an attorney for a party upon the motion of another party or parties, or on the reviewing court's own initiative where the court deems it appropriate.  *** Where a sanction is imposed,

the reviewing court will set forth the reasons and basis for the sanction in its opinion or in a separate written order." Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994).

¶ 29 "An appeal will be deemed frivolous if a reasonable, prudent attorney would not in good faith have brought such an appeal" and imposition of a sanction is left strictly to our discretion. *Mandigo v. Stolman*, 2019 IL App (2d) 180466, ¶ 22.

¶ 30 As discussed above, Suburban Press acknowledged it did not contest Chatman's Motion prior to the trial court's November 19, 2018 Substitution Order. For that reason alone, Suburban Press' arguments on appeal were waived and there was no basis for its appeal. See *Caywood*, 382 Ill. App. 3d at 134. We find this waiver rule to be straightforward and believe that a reasonable, prudent attorney would not in good faith have brought such an appeal clearly prohibited by well-established waiver rules.

¶ 31 Even putting waiver aside, while alleging a challenge to the trial court's November 19, 2018 Substitution Order, Suburban Press' entire appeal rests on its contention that the September 28, 2017 District Court Assignment Order was improper relief under section 2-1402(a) of the Code and thus the District Court Assignment Order could not serve as a basis for the trial court's granting of Chatman's substitution Motion. As discussed above, Suburban Press' appeal is based entirely on an improper collateral attack of the District Court Assignment Order. See *Morey Fish Co.*, 158 Ill. 2d at 186-87; see also *Apollo Real Estate Investment Fund, IV, L.P.*, 403 Ill. App. 3d at 189.

¶ 32 Suburban Press, both in its Motion to Reconsider and on appeal, makes no jurisdictional challenge to the District Court Assignment Order rendering the order immune from Suburban Press' collateral attack. See *id*; see also *Morey Fish Co.*, 158 Ill. 2d at 186-87. However, what makes this appeal particularly egregious is the fact that Suburban Press knew the challenge to the

District Court Assignment Order had to be made in the District Court Action. In fact, Suburban Press delayed the Circuit Court Action so that it could raise its challenges in the District Court but failed to take any action in the District Court Action. Now Suburban Press attempts to accomplish in this appeal that which it knew he could not do all along in the Circuit Court – collaterally attack the binding Federal Court Assignment Order.

¶ 33 Suburban Press contends in its Motion to Reconsider that it did not challenge the District Court Assignment Order in the District Court because of "severe economic challenges over the past years[.]" While unfortunate, this does not excuse Suburban Press' disregard for the rules.

¶ 34 Suburban Press, which was represented by Macchitelli, filed this appeal that is not well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law and is therefore frivolous. See Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). In such circumstances, appropriate sanctions include an order to pay the reasonable attorney fees and costs of the appeal. See *id*.

¶ 35 Accordingly, we remand this cause to the trial court with directions to conduct an evidentiary hearing on the amount of reasonable attorney fees and costs incurred by Chatman for Suburban Press' appeal to be awarded to Chatman and against Suburban Press and his appellate counsel, Macchitelli, who shall be jointly and severally liable thereon. See *Kubiak v. City of Kenwanee*, 228 Ill. App. 3d 605, 608 (1992) (finding Rule 375 sanctions warranted and remanding matter to trial court for hearing on reasonable attorney fees); see also *Edwards v. City of Henry*, 385 Ill. App. 3d 1026, 1039 (2008) (allowing request for Rule 375 sanctions and remanding the cause to the trial court to conduct an evidentiary hearing on the amount of reasonable Rule 375 sanctions for filing the appeal).

¶ 36                                    CONCLUSION

¶ 37    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed and remanded with directions.

¶ 38    Affirmed.